## Taylor, Appellant, *v.* Coggins.

*Equity—Trusts—Laches.*

A bill in equity to enforce an alleged trust is properly dismissed, where it appears that the suit was instituted more than nineteen years after the right of action accrued and more than

seventeen years after the plaintiff attained his majority, and the
only fact explaining the delay is that the plaintiff did not know
until a few months before the filing of the bill of the existence
of the will of his father, under which he claimed, but knew that
his father's papers were in the attic of the house in which he
lived and never made any examination to find out what was there
or to see if a will was among the papers; and this is particularly
true where all of the material witnesses have died, and there was
no evidence that any certain assets were set aside for the alleged
trust fund or that any such fund existed.

Argued Jan. 19, 1914.  Appeal, No. 328, Jan. T., 1913,
by plaintiffs, from decree of C. P. No. 1, Philadelphia
Co., Dec. T., 1911, No. 762, in equity, dismissing bill in
case of Charles L. Taylor, in his own right, and in be-
half of Lawrence G. Taylor, Samuel S. Taylor, William
M. Taylor and Julia T. Harrison, children of Charles
W. Taylor, deceased, who may desire to participate
herein, v. Paschal H. Coggins, executor of the estate of
Mary W. Coggins, deceased, Paschal H. Coggins, indi-
vidually; Carrie L. Coggins, Anna M. Stackhouse, ex-
ecutrix of the estate of Anna W. Stackhouse, deceased;
Anna M. Stackhouse, individually, Elizabeth W. Dailey,
Rebecca S. Haldeman, Thomas W. Stackhouse and
Louis W. Eldridge.  Before FELL, C. J., BROWN, MES-
TREZAT, POTTER and ELKIN, JJ.  Affirmed.

Bill in equity to recover trust funds.

The court dismissed the bill in an opinion by BREGY,
P. J., as follows:

The complainants' claim briefly put is this—that one
George Williams, in his will, left a sum of money in
trust for Charles W. Taylor, during his life, with power
of disposal by will; that he is one of the children of
Charles W. Taylor and that by his father's will he is
entitled to a share in the principal of the trust fund.

His suit against the present defendants is based on
the allegation that the executor of George Williams
was Thomas Williamson, who mingled the assets of the

estate and his own together and embezzled the same—or a large part thereof; that after the death of the said executor the administrator d. b. n. c. t. a. of the Williams estate, who was also guilty of embezzlement and mismanagement, gave certain sums of money and certain property to the defendants, who were heirs of the Williamson estate in settlement of their claims against the estate of the executor and himself; that some of the property thus transferred to the Williamson heirs (the defendants) was part of the trust fund belonging to complainants' father and should be returned by them.

Dates in this matter are important.

George Williams died May 1, 1850.

Thomas Williamson the executor died August 26, 1871.

Passmore Williamson the administrator d. b. n. c. t. a. of Thomas Williamson died March 11, 1895.

Charles W. Taylor (complainants' father) died May 30, 1893, leaving a will, dated April 19, 1892.

This bill was filed in December, 1911.

The transfer of the property to the defendants took place in the early part of 1886.

The trial judge found among other reasons for dismissing the bill "that the claim is barred by lapse of time, by analogy of the statute of limitations"; and "that the plaintiffs have been guilty of such laches as to bar them from equitable relief."

This suit was instituted more than nineteen years after the death of complainants' father, when the right of action accrued, if there ever was any.

Two excuses are given for this delay. One is that the complainant was a minor at his father's death. This is so, but he became of age seventeen years before he began this proceeding.

The second excuse is—he did not know of his father's will until a few months before filing this bill. The fact as shown by the complainant, in this respect, is this: The will under which he claims had been in the attic of

the house he lived in for over nineteen years. He may not have known there was a will among the papers there stored, but he knew his father's papers were there and never made any examination to find out what was there, or to see if a will was among the papers.

Laches is not excused by simply saying: "I did not know." If by diligence a fact can be ascertained the want of knowledge so caused is no excuse for a stale claim. The test is not what the plaintiff knows, "but what he might have known, by the use of the means of information within his reach, with the vigilance the law requires of him." Scranton Gas & Water Co. v. Lackawanna Iron & Coal Co., 167 Pa. 136.

While it may be true that the statute of limitations does not apply to suits in equity, it is only so as a statute of limitations. The principle prevails: Suits brought after the period of time that the law prohibits actions at law are looked upon with suspicion and unless the defendant is responsible for the want of knowledge of the complainant, it is a rare case that survives if more than six years old.

The trial judge was so entirely right in dismissing the bill for laches that we might stop without saying more; but the case that was presented was of so doubtful and uncertain a character that no chancellor would be justified in making a decree in favor of the complainant. There was no evidence that any certain assets were set aside for the trust fund. There is in fact no evidence that there was any trust fund. It was not shown that the father ever received any income from it and he does not mention it in his will.

While there is no evidence on the subject at all this condition of affairs might be explained, as was said by the judge in his findings, by the fact that the Williams will provided that "all the principal sums of money owing to me, by each and every, or any one of the legatees herein named, either on bond, bill or note or book account (but without in any case estimating interest

thereon) shall be deemed a part of my estate for settle‑
ment and division, agreeably to the bequests herein con‑
tained."

Complainant having delayed his action in this case
till all the material witnesses are dead, to wit—Pass‑
more Williamson, E. Spencer Miller, Sr., Esq., Thomas
H. Speakman, Esq., J. Howard Gendell, Esq., Joseph B.
Townsend, Esq., and Thomas B. Taylor, Esq.—must not
only satisfactorily and legally explain his delay but
must make out a clear case entitling him to a decree.

This, in our judgment, he has not done.

The exceptions are dismissed and a decree is now en‑
tered dismissing the bill at the costs of the complainants.


*Error assigned,* among others, was in dismissing the
bill.


*Joseph H. Taulane,* with him *J. Washington Logue,*
and *Charles L. Taylor,* for appellants.—The plaintiffs
are not barred by laches: Hansell v. Downing, 17 Pa.
Superior Ct. 235; Roney's Est., 227 Pa. 127; Montgom‑
ery's App., 77 Pa. 370; Wilson v. Ott, 173 Pa. 253;
Scranton v. Manley, 13 Pa. Superior Ct. 439; McLaugh‑
lin v. Shields, 12 Pa. 283; White v. Patterson, 139 Pa.
429; Hayes's App., 113 Pa. 380.


*Edward P. Bliss* and *Henry P. Brown,* with them
*Clay & Steelman,* for appellees.—If complainant ever
had any legal or equitable right or claim against the
defendants, such right or claim was lost by his laches or
barred by the statute of limitations before the filing of
his appeal: Broderick's Will, 88 U. S. 503; Harwood v.
Railroad Co., 81 U. S. 78; Hardt v. Heidweyer, 152 U.
S. 457; Williamson v. Beardsley, 137 Fed. Repr. 467;
Scranton Gas & Water Co. v. Lackawanna Iron & Coal
Co., 167 Pa. 136.

PER CURIAM, February 16, 1914:

The order dismissing the plaintiffs' bill is affirmed on the opinion of the learned president judge of the Common Pleas.