# Sullivan, Appellant, *v.* Sullivan.

*Equity—Fraud—Laches—Statute of limitations—Bill for accounting and discovery.*

While the statute of limitation is not operative in equitable proceedings, the analogy of the statute is applicable in such cases, and has been persistently applied.

A court of equity will frequently adopt and apply the statute to corresponding rights and remedies as in a court at law, but will refuse relief to parties who have slept upon their rights or who have been negligent in asserting them.

A delay of more than twenty-one years in asserting her right after the plaintiff had become sui juris, was such negligence as shuts the door against the relief, where the delay is not sufficiently accounted for. It is the policy of the law to put an end to litigation, and the hazard of injustice to a trustee, because of the loss of records or documents required in the settlement of an account, suggests the importance of inquiry and reasonable promptness in asserting a claim.

A bill in equity for discovery and an accounting will be dismissed, where the evidence establishes the fact that the complainant had allowed more than twenty-one years to pass, after reaching

her majority, before asking the defendant to account to her for the money in his hands.

Argued April 27, 1920.   Appeal, No. 130, April T., 1918, by plaintiff, from decree of C. P. Allegheny County, Jan. T., 1917, No. 2237, sitting in equity, dismissing bill for discovery and an accounting in the case of Hannah Sullivan v. Ellen Walsh Sullivan, executrix of the will of Eugene Sullivan, and Ellen Walsh Sullivan.   Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Bill in equity for discovery and an accounting.   Before DAVIS, J.

The opinion of the Superior Court states the case.

The court dismissed the bill.   Plaintiff appealed.

*Error assigned,* among others, was decree of the court dismissing the bill.

*Edward J. I. Gannon,* for appellant, cited: Bear's Est., 9 Pa. Superior Ct. 492; Horine v. Mengel, 30 Pa. Superior Ct. 67; Gress's App., 14 Pa. 463; Bones's App., 27 Pa. 492; Maulfair's App., 110 Pa. 402.

*Joseph Stadtfeld,* for appellee.

OPINION BY HENDERSON, J., July 14, 1920:

The important prayers of the bill were first for a decree directing the defendant to account to the plaintiff for the sum of $1,500, with interest thereon from January 26, 1889, which was alleged to have been received by Eugene Sullivan, the plaintiff's father, as her next friend in an action against the Pittsburgh Smelting Company, for personal injuries to the plaintiff; second, that the defendant be directed to account for the rent, income and use of a house and lot alleged to have been purchased by the said Sullivan and paid for with the

money above recited—the title to which real estate was taken in his name; and for a decree at the option of the plaintiff that said real estate be conveyed to her.

No evidence was offered to support the allegation that any of the money received by Sullivan, on behalf of the plaintiff, was used in the purchase of the house and lot, and this fact was properly found by the trial judge. The only testimony taken was that of the executrix, who was the widow of Eugene Sullivan. She was called as if on cross-examination, and her evidence controverted the averment in the bill on that subject. It was also shown by her that out of the amount received from the smelting company, $500 were paid to the attorney who conducted the litigation. The bill was filed about twenty-eight years after the money was paid to the father, and about two years after he died. There is no evidence bearing on the age of the plaintiff, but it is stated in the opinion of the court that it was admitted by counsel in the argument of the case at the trial she was at that time forty-three years of age, from which it would appear that more than twenty-one years had passed since she reached her majority. On this state of facts the court was of the opinion that the great delay in bringing her action was such evidence of laches as would bar relief in equity. No reason is assigned why the plaintiff did not proceed with reasonable diligence. It is not proved nor asserted that the decedent misled her, or placed any impediment in the way of an investigation or such course of procedure as she saw fit to adopt, or that she was in ignorance of the fact that the money was received by her father. Under such circumstances reasonable diligence is required. A delay of more than twenty-one years in asserting her right after the plaintiff became sui juris, was such negligence as shuts the door against relief where the delay is not sufficiently accounted for. It is the policy of the law to put an end to litigation, and the hazard of injustice to a trustee because of the loss of memory or of documents

required in the settlement of an account, or the death of the party charged, suggests the importance of inquiry and reasonable promptness in asserting a claim. The cases are numerous in which this principle is set forth. While the statute of limitations is not operative in equitable proceedings, the analogy of the statute is applicable in such cases, and has been persistently applied: Taylor v. Coggins, 244 Pa. 228; Dalzell v. Lewis, 252 Pa. 283. The principle is well stated in Gress's App., 14 Pa. 463, and in many other cases. Our attention has not been called to an authority sustaining a case where the delay was as great as here and where the delay was not reasonably excused. If the plaintiff had a meritorious claim, it is unfortunate that she neglected to assert it within a reasonable time, but we should not establish a bad precedent out of sympathy.

The decree is affirmed at the cost of the appellant.