Richard A. Tilghman, Plaintiff *v.* Commonwealth of Pennsylvania, et al., Defendants.

Argued September 8, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*Thomas L. Wenger,* with him *Stephen C. MacNett,* for plaintiff.

*Francis B. Haas, Jr.,* with him *McNees, Wallace & Nurick; Joseph B. Sturgis;* and *Saul, Ewing, Remick & Saul,* for defendant, Harristown.

*Theodore, A. Adler,* Deputy Attorney General, with him *Vincent X. Yakowicz,* Solicitor General, and *Robert P. Kane,* Attorney General, for defendants, Shapp, Lench, Sloan and Commonwealth.

OPINION BY JUDGE BLATT, October 29, 1976:

On March 3, 1976, State Senator Richard H. Tilghman filed a complaint in equity within this Court's original jurisdiction[1] against the Harristown Development Corporation (HDC), Milton J. Shapp, Governor, Ronald G. Lench, Secretary of the Department of General Services, Grace M. Sloan, State Treasurer, and the Commonwealth of Pennsylvania[2] (defendants) which requested this Court to enjoin defendants from "implementing, enforcing or in any other way giving effect" to three agreements entered into on October 14, 1975 by the HDC and the Commonwealth: to wit, a lease for "State Office Building No. 1," a lease for "State Office Building, No. 2," and an "Agreement with respect to Parking Facilities" (agreements).

The HDC, Governor Shapp and Secretary Lench filed answers to the complaint, raised the affirmative defense of laches and moved for summary judgment on the pleadings. Treasurer Sloan and the Commonwealth each filed preliminary objections to the complaint. The matter was then directed to be argued

[1] Section 401 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.401.

[2] The Commonwealth of Pennsylvania, although listed as a defendant in the caption, was not listed as an enumerated defendant within the complaint. Any procedural defects regarding the Commonwealth as a party, however, have been rendered moot by our decision here.

before this Court on the affirmative defenses and objections.

Laches, of course, may be raised in the pleadings by preliminary objections, answer or reply, or by the court on its own motion, *Martin v. Adams County Area Vocational Technical School Authority*, 11 Pa. Commonwealth Ct. 292, 313 A.2d 785 (1973), and we believe that the plaintiff's action here is barred by laches as to all five defendants.

The essential facts in this case are that the HDC and the Commonwealth entered into an "Agreement of Understanding" on October 29, 1974, which provided that the Commonwealth would lease office space from the Redevelopment Authority of the City of Harrisburg in two buildings within the boundaries of the urban renewal project commonly known as "Harristown."[3] Approximately one year later, on October 14, 1975, the HDC and the Commonwealth entered into the aforementioned leases. It was not until March 3, 1976, however, that the plaintiff initiated this action.

We believe that it is proper here to take judicial notice of the numerous newspaper articles and news broadcasts which have publicized the "Harristown" project, the Commonwealth's role in the project and the agreements of October 29, 1974 and October 14, 1975. We also take judicial notice of the fact that the plaintiff has been a State Senator since 1969, that he is a member of the Senate Appropriations Committee, and that the 1975-1976 Commonwealth Budget provided for a $2,500,000 allocation to the "Harristown" project.

It is true, of course, that when the defense of laches has been asserted in an action in equity, judg-

---

[3] While the plaintiff's arguments are directed to the leases of office space, we consider them as also directed to the agreement with respect to parking.

ment on the pleadings should be entered only in a clear case. *Siegel v. Engstrom*, 427 Pa. 381, 235 A.2d 365 (1967); *Gabster v. Mesaros*, 422 Pa. 116, 220 A.2d 639 (1966). It is also true that a complaint in equity will be dismissed where the facts and circumstances are such that it would be unjust to allow the plaintiff to proceed in the present action. *Siegel v. Engstrom, supra.*

The application of the equitable doctrine of laches does not depend upon the fact that a certain definite time has elapsed since the cause of action accrued, but whether, *under the circumstances of the particular case,* the complaining party is guilty of want of due diligence in failing to institute his action to another's prejudice. The question of laches is factual and to be determined by an examination of the circumstances.

*Wilson v. King of Prussia Enterprises, Inc.*, 422 Pa. 128, 133, 221 A.2d 123, 126 (1966) (citations omitted) (emphasis added).

It is equally well established that a finding of laches requires both the passage of time and a resultant prejudice to the party asserting the doctrine. *Beaver v. Penntech Paper Co.*, 452 Pa. 542, 307 A.2d 281 (1973).

The plaintiff here has argued that he could not have instituted this action until he knew the details of the leases entered into on October 14, 1975 and that he did not receive notice of those agreements until sometime in February, 1976. In *Taylor v. Coggins*, 244 Pa. 228, 231, 90 A. 633, 634 (1914), however, our Supreme Court has stated that

[l]aches is not excused by simply saying: 'I did not know.' If by diligence a fact can be ascertained the want of knowledge so caused is no excuse for a stale claim. The test is not what the plaintiff knows, 'but what he might have known,

by the use of the means of information within his reach, with the vigilance the law requires of him.' (Citation omitted.)

We believe that the ''Agreement of Understanding,'' entered into by the HDC and the Commonwealth on October 29, 1974, should have alerted the plaintiff to the facts now relied upon by him in the complaint and that an undue period of time did lapse before he brought his action. The Commonwealth's intention to lease office space has been clear, ever since the October 29, 1974 agreement and money has been raised, appropriated and spent, contracts have been entered into, work has been performed and materials have been furnished, all in reliance on the agreement. We believe that the plaintiff delayed action too long. *Sambor v. Hadley*, 291 Pa. 395, 140 A. 347 (1928).

Moreover, the plaintiff's delay here has allowed many innocent third parties to have become involved in the ''Harristown'' project in general, and in the planning, acquisition and construction of these office buildings in particular. And where, as here, it would be impossible to restore the status quo and many such parties would consequently be greatly prejudiced, the plaintiff's claim must be denied. *See Wilson v. King of Prussia Enterprises, Inc., supra.*

In *Taylor v. Coggins, supra,* the plaintiff had filed an action in which he claimed a portion of his deceased father's estate under a will which he had only recently discovered. The court there said that

[h]e may not have known there was a will among the papers there stored, but he knew his father's papers were there and never made any examination to find out what was there, or to see if a will was among the papers.

244 Pa. at 231, 90 A. at 634.

Similarly, under the facts in this case, the plaintiff knew that the ''Harristown'' project existed and that

490

the agreements of which he now complains were imminent, yet he never made any examination or effort to discern the facts now relied upon in this action until long after the agreements had been made and in substantial degree implemented. The laches of the plaintiff's complaint requires its dismissal as to all defendants herein.

ORDER

AND Now, this 29th day of October, 1976, the complaint of Richard A. Tilghman is dismissed as to all defendants herein.

Judge MENCER dissents.