Benjamin J. Snipas, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued June 8, 1979, before Judges BLATT, DiSALLE and CRAIG, sitting as a panel of three.

*Benjamin J. Snipas,* petitioner, for himself.

*Mary Frances Grabowski,* Assistant Attorney General, for respondent.

OPINION BY JUDGE DiSALLE, September 26, 1979:

Benjamin J. Snipas (Petitioner), asks us to review the action of the State Civil Service Commission

(Commission) sustaining his twelve-day furlough by the Department of Public Welfare (DPW) from his position as Therapeutic Activities Worker V (General), regular status, at Farview State Hospital (Farview). We affirm.

This action had its genesis in a letter sent to Petitioner by Farview informing him that a severe budgetary crisis necessitated his furlough, beginning July 31, 1977. The effective date was later changed to August 5, 1977, and Petitioner was recalled to work on August 24, 1977. Petitioner appealed his furlough to the Commission, and received a hearing on the matter on November 18, 1977. By Adjudication and Order dated June 28, 1978, the Commission dismissed his appeal and sustained DPW's action.

In his petition for review, Mr. Snipas relies on Sections 951(a) and 951(b) of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended,* added by Section 27 of the Act of August 27, 1963, P.L. 1257, 71 P.S. §§741.951(a), 741.951(b). Section 951(a) allows an employe to appeal "[a]ny permanent separation, suspension for cause, furlough or demotion on the grounds that such action has been taken in his case in violation of the provisions of [the] act." We note initially that Section 3(s) of the Act, 71 P.S. §741.3(s), defines "furlough" as "the termination of employment because of lack of funds or of work." Section 802 of the Act, 71 P.S. §741.802, the furlough provision, provides pertinently as follows:

In case a reduction in force is necessary in the classified service, no employe shall be furloughed while any probationary or provisional employe is employed in the same class in the same department or agency, and no probationary shall be furloughed while a provisional employe is employed in the same class in the same department or agency. An employe shall

be furloughed only if at the time he is furloughed, he is within the lowest quarter among all employes of the employer in the same class on the basis of their last regular service ratings, and within this quarter he shall be furloughed in the order of seniority unless there is in existence a labor agreement covering the employes to be furloughed, in which case the terms of such labor agreement relative to a furlough procedure shall be controlling: Provided, that the appointing authority may limit the application of this provision in any particular instance to employes in the same class, classification series or other grouping of employes as referred to in any applicable labor agreement, and which are in the same department or agency with headquarters at a particular municipality, county or administrative district of the Commonwealth.

It seems then that in evaluating DPW's compliance with the Act pursuant to Section 951(a), we must decide (1) whether substantial evidence exists to support the Commission's finding that financial shortages compelled the furlough, and (2) whether DPW acted in a manner consistent with the mandates of Section 802.

Taking the second issue first, the record shows clearly that there were no probationary or provisional employes classified as Therapeutic Activities Worker V, Petitioner being the only one in that classification, and that he was not a member of any collective bargaining unit. Thus we find no violation of Section 802.

Turning to the next issue, we find substantial evidence in the record to support the Commission's finding that financial considerations motivated Petitioner's furlough. The Commission took judicial no-

tice of the fact that at the time of the decision to furlough Petitioner, the State Legislature had failed to adopt a budget for the fiscal year beginning July 1, 1977. Given the tremendous amount of publicity attendant the Legislature's inaction, we hold that the Commission's taking of such judicial notice was not improper. *Tilghman v. Commonwealth*, 27 Pa. Commonwealth Ct. 484, 366 A.2d 966 (1976). Furthermore, Joel Hersh, Acting Administrator of Farview, testified that the hospital had been receiving reports of a "budget impasse," and Petitioner himself admitted that he had heard that the legislature was having trouble adopting a new budget.

The record also contains several exhibits submitted to the Commission by DPW after the November hearing. These exhibits consist of documents circulated by various individuals, including then Governor Milton J. Shapp, Budget Secretary Charles P. McIntosh, and Public Welfare Secretary Frank S. Beal, indicating the unlikelihood of there being a budget large enough to continue the existing level of governmental services, including approximately 1,100 of those employed in the area of mental health and mental retardation. This evidence certainly supports a finding of financial necessity.

Petitioner contends that the Commission improperly solicited and accepted this post-hearing evidentiary material. We disagree. The General Rules of Administrative Practice and Procedure provide pertinently as follows:

At any stage of the hearing the agency head or the presiding officer may call for further evidence upon any issue, and require such evidence to be presented by the party or parties concerned or by the staff counsel, either at that hearing or at the adjournments thereof.

1 Pa. Code §35.128.

The record reveals that at the November hearing, Chairman McCarthy requested additional evidence demonstrating the fiscal problem, and that copies of the various exhibits went to Petitioner, who did not object to their introduction. Accordingly, we find no impropriety in the Commission's action, and must disagree with Petitioner's contention that the exhibits constitute "unethical support" for DPW's position.

It appearing (1) that substantial competent evidence exists to support the finding that Petitioner was furloughed for economic reasons, and (2) that DPW, in furloughing Petitioner, followed the procedures outlined in Section 802, we hold that the action taken against Petitioner was not in violation of the provisions of the Act. Petitioner's appeal, insofar as it is based on Section 951(a), must, therefore, fail.

We lastly consider Petitioner's appeal to the extent that it raises issues under Section 951(b). That Section grants a right to a hearing to any individual alleging action taken in violation of Section 905.1, 71 P.S. §741.905a, which prohibits a state officer or employe from discriminating "against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors."

An individual alleging discrimination bears the burden of proving that non-merit factors motivated the personnel action. *Cunningham v. State Civil Service Commission*, 17 Pa. Commonwealth Ct. 375, 332 A.2d 839 (1975). Here, the only evidence Petitioner presented on that issue was that in furloughing him, DPW kept several employes who had fewer years of experience than Petitioner. Mr. Hersh, on the other hand, testified that non-merit factors had absolutely

nothing to do with the decision to furlough Petitioner. The Commission found that DPW did not discriminate against Petitioner, and, based on the record, we cannot say that this was improper. Since Petitioner has failed to meet his burden, he cannot prevail under Section 951(b).

We affirm.

### ORDER

AND Now, this 26th day of September, 1979, the order of the Civil Service Commission, dated June 28, 1978, dismissing the appeal of Benjamin J. Snipas from his furlough as Therapeutic Activities Worker V, and sustaining the action of the Department of Public Welfare in such furlough, is hereby affirmed.