East Allen Township, Northampton County, Appellant v. Earl F. Eberts and Sarah E. Eberts, Appellees.

518

Argued April 11, 1980, before President Judge CRUMLISH and Judges BLATT and CRAIG, sitting as a panel of three.

*Wesley M. Wasylik, Bartos, Broughal & Wasylik,* for appellant.

*Daniel G. Spengler,* for appellees.

OPINION BY PRESIDENT JUDGE CRUMLISH, August 22, 1980:

East Allen Township appeals a Northampton County Common Pleas Court decision which allows Earl F. and Sarah E. Eberts (Appellees) to construct a home in accordance with the amended plot plan attached to their Zoning Hearing Board appeal and not the original plan appended to their building and zoning permit application.

The facts are clear. The Zoning Administrator of East Allen Township denied the application based upon an original plan, while the Zoning Hearing Board denied the appeal based upon an amended plan at-

tached to the petition. On appeal, the Northampton County Common Pleas Court entered a default judgment against the Board for failure to file a brief and ordered the issuance of a building permit. The Board then issued a building permit based on the original application's plot plan, not the amended plan submitted to the Board and the court below. After building began in conformity with the latter plan, the Township brought suit seeking to enforce construction based on the permit specifications. The Honorable RICHARD D. GRIFO dismissed the complaint on the grounds that the prior order authorized a permit on the amended plot plan, and that the Township failed to utilize numerous opportunities to prevent the discrepancy. "It is one of the first maxims of equity jurisdiction that equity aids the vigilant and not those who slumber on their rights." *Witmer v. Exxon Corp.*, 260 Pa. Superior Ct. 537, 394 A.2d 1276 (1978); 13 Pennsylvania Law Encyclopedia, Equity §32.

The Township argues here that our post-default judgment review requires an order supporting the issuance of a permit in accordance with the original plan. Though we may question whether the lower court properly interpreted the prior default judgment order as contemplating the amended plan, the alleged ambiguity in the record could have found resolution below either before or following the entrance of judgment. The appellees' appeals to both the Zoning Hearing Board and the common pleas court, based on the same amended plan, served notice on the Township that there was a discrepancy. However, no appeal was taken, no motion to open the judgment was filed, and no objection was lodged until well after judgment. In these circumstances, we can only conclude that the Township failed to exercise due diligence in bringing this action. *See Tilghman v. Commonwealth of Pennsylvania*, 27 Pa. Commonwealth Ct. 484, 366 A.2d 966

(1976); *Larrecq v. VanOrden*, 21 Pa. Commonwealth Ct. 623, 346 A.2nd 922 (1975); and *Martin v. Adams County Area Vocational Technical School Authority*, 11 Pa. Commonealth Ct. 292, 313 A.2d 785 (1973).

Order affirmed.

### ORDER

AND Now, August 22, 1980, the order of the Northampton County Common Pleas Court, dated May 14, 1979, dismissing the Township's Complaint in Equity with prejudice, is affirmed.