Carol A. Butler, Patricia A. Pheasant and Mary Ann McCarthy, Petitioners *v.* Commonwealth of Pennsylvania, State Civil Service Commission and Department of Health, Respondents.

Argued February 6, 1981, before Judges ROGERS, CRAIG and PALLADINO, sitting as a panel of three.

*Paul L. Zeigler, Goldberg, Evans & Katzman,* for petitioners.

*Barbara G. Raup,* Assistant Attorney General, for respondent, State Civil Service Commission.

*John H. Cuthbertson,* Assistant Attorney General, for respondent, Department of Health.

OPINION BY JUDGE CRAIG, March 10, 1981:

Petitioners Carol Butler, Patricia Pheasant, and Mary Ann McCarthy seek review of a decision by the

State Civil Service Commission denying, as untimely, their request for a hearing on their claim that the Department of Health discriminated against them in selecting a candidate for a promotion.

Petitioners, female public health nurses, applied for the position of Public Health Administrator I in April of 1978. On July 7, 1978, a letter from the district executive director informed them that a candidate for the position had been tentatively selected. The letter indicated that none of the petitioners had been chosen, and that the executive director would formally announce "our selection in the near future."[1]

Not until August 22, 1978, were the petitioners told the identity of the successful candidate, who was the sole male applicant for the position.[2]

Petitioners appealed to the commission on September 6, 1978, under Section 951(b) of the Civil Service Act,[3] alleging that the department had used dis-

---

[1] The letter from Milton B. Stanley, Executive Director of the Southern District, to petitioners and one other applicant, read as follows:

Please be advised that we have tentatively selected a candidate for appointment to the position known as District Program Coordinator for which you were interviewed. Our selection was made from a list of certified eligibles for this position. All applicants for this position had good qualifications and the selection was not an easy one.

We regret that you were not selected, but wish to take this opportunity to thank you for participating in the interview and for the interest you continue to show on behalf of the District. We hope that in the future there will be other opportunities available for your career development.

I will formally announce our selection in the near future.

[2] The position was re-designated as Public Health Representative III upon being awarded to the male applicant.

[3] Civil Service Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.951(b), states in pertinent part:

Any person who is aggrieved by an alleged violation of Section 905.1 of this act may appeal in writing to the commission within twenty days of the alleged violation.

criminatory practices and non-merit factors to improve the white male applicant's chances in obtaining the position.[4] The commission dismissed the appeals on the ground that petitioners had not filed them within twenty days of the notice of nonpromotion, which the commission held was the letter of July 7.

Petitioners, in claiming that their appeal was timely, submit that August 22, was the appropriate date from which to measure the appeal period because they had no grounds upon which to assert the existence of discrimination until they were able to learn the identity of the chosen applicant. We agree.

Our cases consistently hold that an employee must affirmatively support any allegation of discrimination with specific evidence in order to succeed in a claim under Section 905.1 of the Civil Service Act. *Sienkiewicz v. Department of Public Welfare,* 53 Pa. Commonwealth Ct. 445, 417 A.2d 874 (1980); *Snipas v. Department of Public Welfare,* 46 Pa. Commonwealth Ct. 196, 405 A.2d 1366 (1979); *Tempero v. Department of Environmental Resources,* 44 Pa. Commonwealth Ct. 235, 403 A.2d 226 (1977). Clearly, then, the petitioners lacked the legal ammunition with which to pursue their claim until the department had announced its final decision.

In *Lynch v. Department of Public Welfare,* 30 Pa. Commonwealth Ct. 235, 373 A.2d 469 (1977), we noted that a claim of discrimination is inextricably linked to the issue of comparative merit qualifications; one

---

[4] Civil Service Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.905(a) states:

No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors.

method of proving intent to discriminate is to show that the appointing authority considered non-merit factors in promoting a lesser qualified applicant. Hence, an unsuccessful job applicant who suspects the existence of discrimination is necessarily precluded from any comparison of qualifications until the identity of the chosen applicant is known.

In supporting the central objective of the Civil Service Act, to protect public employees in employment and promotion, we cannot conclude that nebulous correspondence, such as the department's July 7 letter, is sufficient to trigger the running of the appeal time.

We reverse the commission's order and remand for a determination on the merits of petitioners' claim.

### ORDER

AND Now, March 10, 1981, the order of the State Civil Service Commission, appeal No. 2577, dated October 19, 1978, is reversed, and the matter is remanded to the commission for disposition on the merits.