Olga F. Taylor, Petitioner *v.* Commonwealth of Pennsylvania, State Civil Service Commission, and Lansdale Office, Department of Labor and Industry, Respondents.

Submitted on briefs, June 10, 1982, to Judges Blatt, Williams, Jr. and Craig, sitting as a panel of three.

*Charles R. Pedri, Laputka, Bayless, Ecker & Cohn, P.C.,* for petitioner.

*Earl R. Dryer,* Deputy Counsel, for respondents.

OPINION BY JUDGE CRAIG, July 23, 1982:

Petitioner Olga Taylor appeals an order by the State Civil Service Commission which dismissed a complaint based on the non-selection of her for the position of Unemployment Claims Examiner I in the Lansdale office of the Department of Labor and Industry, Office of Employment Security, on the ground that she filed the complaint too late.

After the petitioner had applied for the position pursuant to a job vacancy notice posted on December 2, 1980, she learned that she had not been selected to fill the vacancy only when the successful applicant reported to work on February 26, 1981.

The petitioner asserts that her March 26, 1981 appeal was timely because she never received written notice of the other employee's promotion to fill the vacancy, which she claims was "personnel action" within the terms of Section 950 of the Civil Service Law.[1]

---

[1] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.950. That section states:

> Every person in the classified service shall be furnished with written notice of any personnel action taken with respect to him pursuant to the provisions of this Act. Such notice, a copy of which shall be submitted to the commission, shall be furnished within time limits prescribed by the rules of the commission. The notice shall in the case of the permanent separation, suspension for cause, or demotion of a regular employee set forth the reason or reasons for the action.

Examination of the regulations relating to that section[2] reveals that an employee-applicant is not entitled to written notice of non-selection to fill a vacancy. The notice requirement protects only those

---

[2] 4 Pa. Code §105.1 states:

Each appointing authority shall give his employees advance written notice of any personnel action affecting them, except that written notice of suspension or of acceptance of resignation, voluntary or by abandonment, shall be given no later than ten days after the effective date of the personnel action. A copy of such notice shall be simultaneously submitted to the Commission.

Section 105.2, titled "Types of Personnel Actions," states:

    (a) Written notice shall be required for:

(1) Appointment;

(2) Promotions;

(3) Removal;

(4) Suspension;

(5) Demotion;

(6) Furlough;

(7) Retirement;

(8) Resignation;

(9) Transfer;

(10) Reassignment;

(11) Leave of absence;

(12) Extension or reduction of probationary period;

(13) Compensation changes, except meritorious salary increments; and

(14) Performance rating.

Section 105.3 clarifies the due process function of the notice requirement:

Statement of Reasons.

(a) The notice of removal, resignation by abandonment, involuntary retirement, and voluntary demotion, or suspension which is issued to regular employees shall include a clear statement of the reasons therefor, sufficient to apprise the employee of the grounds upon which the charges are based.

(b) Notices shall be framed in a manner which enables the employee to discern the nature of the charges. Notices determined to be defective may result in the reversal of the personnel action.

directly subject to personnel action such as transfer, appointment or suspension from a violation of their due process right to be apprised of any change in employment status. *Rizzo v. Civil Service Commission,* 17 Pa. Commonwealth Ct. 474, 333 A.2d 212 (1975).

In any event, the petitioner received actual notice of the non-selection of her on February 26, when the successful applicant assumed the position. *See Butler v. Civil Service Commission and Department of Health,* 57 Pa. Commonwealth Ct. 406, 426 A.2d 239 (1981).

Because the petitioner's March 26 appeal was later than the twenty-day period following the "alleged violation," as provided by Section 951(b),[3] the Civil Service Commission did not err in dismissing her challenge as untimely.

ORDER

Now, July 23, 1982, the order of the State Civil Service Commission, Appeal No. 3436, dated May 14, 1981, is affirmed.

---

[3] Because of the limited scope of Section 951(a), the petitioner could only question her non-selection—effectively a non-promotion—under Section 951(b), which permits an employee to assert that "an officer or employe of the Commonwealth" discriminated against him in various personnel actions, outlined in Section 905(a). *Lynch, Magnelli v. Pennsylvania Liquor Control Board,* 40 Pa. Commonwealth Ct. 432, 397 A.2d 486 (1979).