609 A.2d 619

**Glenn SEDDON, Petitioner,**

**v.**

**PENNSYLVANIA LIQUOR CONTROL BOARD, Respondent.**

**John SCHMIDT, Jr., Petitioner,**

**v.**

**PENNSYLVANIA LIQUOR CONTROL BOARD, Respondent.**

**Walter PLIZGA, Petitioner,**

**v.**

**PENNSYLVANIA LIQUOR CONTROL BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 8, 1992.

Decided May 7, 1992.

Paula J. McDermott, for petitioners.

David F. Taylor, for respondent.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

PELLEGRINI, Judge.

This is a consolidated appeal filed by Glenn Seddon, John Schmidt, Jr. and Walter Plizga (Petitioners) from orders of the State Civil Service Commission (Commission) dismissing each of the Petitioners' appeals from non-selection for promotion to Liquor Store Manager II with the Pennsylvania Liquor Control Board (Board).

On June 6, 1989, the Petitioners learned that they were not selected for promotion and subsequently filed separate appeals with the Commission challenging their non-selection and alleging discrimination on the basis of non-merit fac-

tors.[1] During the consolidated hearing which ensued, it was established that the Petitioners, by their own admission, had not personally signed their appeal request forms. The forms, which indicated that John Killian, an attorney-at-law, represented the Petitioners, had instead been signed by a secretary of the Independent State Store Union pursuant to the Petitioners' instructions given over the telephone. The secretary did not initial the "signatures" or otherwise reveal her identity, authority or capacity. She then filed the appeal request forms on behalf of the Petitioners with the Commission in Harrisburg.

Upon discovery of these facts, the Board moved to dismiss the Petitioners' appeals for non-compliance with 4 Pa.Code § 105.12.[2] The Petitioners filed applications to amend their appeals and also submitted signed statements for the record that they previously gave the secretary permission to sign their names on the appeal forms.

After reviewing the evidence, the Commission granted the Board's motion to dismiss because that the appeals were not "personally signed by the individual appealing" and because the appeals were filed by someone other than an appropriate legal representative. The Commission also denied the Petitioners' applications to amend their appeal request forms because the 20–day appeal period had since expired. The Petitioners' appeals to this Court followed.[3]

**1.** A non-selection for promotion may be appealed to the Commission only on the basis of discrimination and the discovery rule applies to trigger the twenty-day appeal period. *See Butler v. State Civil Service Commission*, 57 Pa.Commonwealth Ct. 406, 426 A.2d 239 (1981).

**2.** Section 105.12 provides, in pertinent part:
    (a) Requests for hearings shall be:
        (1) Made in writing.
        (2) Personally signed by the individual appealing.
        (3) Postmarked not more than 20 calendar days after the employe receives notice of the challenged personnel action....

**3.** Our scope of review is limited to determining whether the Commission violated a constitutional right, committed an error of law, or made a finding of fact not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

The Petitioners contend that they did not violate the Commission regulation which mandates that appeal forms be "personally signed" because the union secretary, acting as their agent, legally signed the appeal forms on their behalf. The regulation at issue in this appeal, however, provides that the appeal request shall be *"personally signed by the individual appealing."* 4 Pa.Code § 105.-12(a)(2) (Emphasis added). The plain meaning of the regulation requires the individual appealing to sign his or her appeal request form *personally* and, accordingly, the regulation implicitly precludes signature by an agent.

The Petitioners also contend that 4 Pa.Code § 105.12(a)(2) exceeds the statutory authority of Section 951 of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. § 741.951. Under Section 203 of the Act, 71 P.S. § 741.203, the Commission is empowered to "establish ... rules ... for making effective the provisions of [the] Act." Here, the Act merely provides that any aggrieved person "may appeal in writing to the commission within twenty calendar days of the alleged violation" of Section 905.1 of the Act. 71 P.S. § 741.951(b). To make effective the provisions of the Act, the Commission established the rule that individuals appealing under the Act must personally sign their appeal request forms. This rule was intended to safeguard the integrity of the Commission's adjudications and proceedings. Because the Commission has the authority to establish reasonable regulations governing proceedings before the Commission, Section 102(a) of the Administrative Agency Law, 2 Pa.C.S. § 102(a), judicial interference in the Commission's internal functions is not warranted so long as 4 Pa.Code § 105.-12(a)(2) serves the purpose for which it was promulgated.[4]

The Petitioners alternatively argue that this Court should either permit them to appeal to the Commission *nunc pro*

---

**4.** The Petitioners also assert that this Court should hold that their failure to sign their pleadings personally is *de minimis.* Because it is within the Commission's jurisdiction to determine how an appeal is to be perfected, not complying with the Commission's requirements cannot be considered *de minimis.*

*tunc.* The allowance of a *nunc pro tunc* appeal is appropriate where there has been fraud or a breakdown on the part of a court or administrative tribunal. *Altieri v. Pennsylvania Board of Probation and Parole,* 88 Pa.Commonwealth Ct. 592, 495 A.2d 213 (1985). Here, the problem was not caused by fraud or a breakdown on the part of the Commission. Instead, the problem resulted from the Petitioners' failure to personally sign their appeal forms. Accordingly, a *nunc pro tunc* appeal would not be appropriate in this case.

Finally, we are not persuaded by the Petitioners' argument that the type of activity which occurred in the present appeal should be permitted because they are located in Pittsburgh and the appeal forms were required to be filed in Harrisburg. Pursuant to Section 951(b) of the Act, the Petitioners had twenty days from the date of discovering that their non-selections for promotion were allegedly discriminatory to appeal to the Commission. While twenty days is not a significant amount of time had the Petitioners been required to deliver their appeal forms to Harrisburg personally, the Commission's regulations provide that appeals are deemed timely filed if "[p]ostmarked not more than 20 calendar days after the employe receives notice of the challenged personnel action." 4 Pa.Code § 105.12(a)(3).

Based on the foregoing reasons, we conclude that the Commission properly dismissed the Petitioners' appeals on the ground that the appeals were not in compliance with the Commission's procedural regulations. Accordingly, the orders of the Commission will be affirmed.

FRIEDMAN, J., dissents.

ORDER

AND NOW, this 7th day of May, 1992, the orders of the State Civil Service Commission in the above-captioned cases are hereby affirmed.