# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael J. Slatky,                                    :
                Petitioner                :
                                  :
                v.                              : No. 1965 C.D. 2015
                                  : Submitted: July 15, 2016
                                  :
State Civil Service Commission                        :
(Department of Labor and Industry),                   :
                Respondent                :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**             **FILED:  November 16, 2016**


Michael J. Slatky (Petitioner) petitions for review of an order of the State Civil Service Commission (Commission), dated September 16, 2015, that denied Petitioner's appeal filed with the Commission relating to his non-selection for a position that Petitioner applied for at his employer, the Department of Labor and Industry (Department).  The Commission denied Petitioner's appeal as untimely on the basis that it was not filed within 20 days of the day when Petitioner became aware of the challenged personnel action.  We affirm.

On August 27, 2015, Petitioner submitted an Appeal Request Form with the Commission, in which he challenged his non-appointment to the Department position of Unemployment Compensation Board of Review Assistant Administrator/Program Manager (the Position).  (Appeal Request Form,

Reproduced Record (R.R.) 2a-3a.) In his appeal, Petitioner alleges that he was intentionally excluded from a second interview for the Position even though the scores he was given by the three interviewers to responses to questions asked during the first-round interview phase were equal to the scores of one of the individuals chosen for a second-round interview and higher than the scores for the other individual who was selected for a second-round interview and was eventually appointed to the Position.[1] (*Id.*, R.R. 3a-5a.) Petitioner alleges that the appointment to the Position was made in December 2013. (*Id.*, R.R. 4a.)

Petitioner asserts that the failure to allow him to participate in a second interview was technical discrimination violating the Civil Service Act (Act)[2] and Commission rules.[3] (*Id.*, R.R. 3a.) While Petitioner became aware that he was not chosen for a second interview during the latter half of 2013 and learned that another employee was appointed to the Position in December 2013, Petitioner

---

[1] Petitioner attached to his Appeal Request Form his and the other two candidates' responses to the nine questions asked during the first interviews as recorded by the three interviewers and the interviewers' grading for each response as outstanding, commendable, satisfactory, somewhat deficient or deficient. (Appeal Request Form, Attachment D, R.R. 14a-88a.) Petitioner averaged the scoring of the three interviewers to produce a chart with a single score for each of the three candidates. (*Id.*, Attachment B, R.R. 12a.)

[2] Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §§ 741.1–741.1005.

[3] In his Appeal Request Form, Petitioner also alludes to the fact that the failure to allow him to proceed to the second round of interviews was "retaliation" for his role as a witness on behalf of the Department in a federal lawsuit brought against the Department by another employee who objected to a previous posting for the Position. (Appeal Request Form, R.R. 3a-4a, 7a-9a.) In addition, Petitioner alleged that the decision to not include him in the second round of interviews was influenced by anonymous letters complaining of his poor job performance that were sent to the Secretary of the Department. (*Id.*, R.R. 5a, 7a-8a; *id.*, Attachments E, F, R.R. 89a-90a.) However, Petitioner did not raise these grounds for his appeal in either his request for reconsideration submitted to the Commission or in his appellate brief filed with this Court. Therefore, we conclude that Petitioner has abandoned these grounds for his challenge to his non-appointment to the Position.

alleges in his appeal that he did not discover the basis for his technical discrimination claim until August 11, 2015, when, during a meeting at the Office of the Attorney General related to a lawsuit filed in federal court by another Department employee, he was shown the interviewers' notes and scoring for the first round of interviews for the Position. (*Id.*, R.R. 4a-8a.)

On September 16, 2015, the Commission entered an order denying Petitioner's appeal as untimely because Petitioner was aware of his non-selection in December 2013 but his appeal was not filed until August 27, 2015, beyond the 20-day time limit set forth in Commission Rule 105.12(a)(3), 4 Pa. Code § 105.12(a)(3). (R.R. 92a.) Petitioner thereafter submitted to the Commission a request for reconsideration. (R.R. 94a-96a.) By a letter dated October 6, 2015, the Commission denied the request for reconsideration, noting that his discovery of notes related to his non-selection did not evidence a violation of the Act or Commission rules because there is no requirement that an appointing authority conduct interviews before making an appointment. (R.R. 98a.)

On appeal to this Court, Petitioner observes that this Court has applied the discovery rule to Commission appeals and argues that the Commission erred by using the date that Petitioner learned of his non-selection for the Position as the date when the 20-day limitation period for filing an appeal commenced. Petitioner argues that the Commission should instead have used the date that Petitioner learned that the Department discriminated against him by failing to allow him to proceed to a second interview despite having better scores than one of the individuals who did progress. Petitioner contends that his appeal to the Commission was timely because the date of filing of the Appeal Request Form,

3

August 27, 2015, was not more than 20 days from August 11, 2015, the date Petitioner reviewed the notes of the first round of interviews.[4]

There are two categories of discrimination claims that are recognized under the Act: "traditional discrimination" and "technical discrimination." *Reck v. State Civil Service Commission*, 992 A.2d 977, 980 n.3 (Pa. Cmwlth. 2010); *Pronko v. Department of Revenue*, 539 A.2d 456, 462 (Pa. Cmwlth. 1988). Section 905.1 of the Act[5] sets forth various factors that may serve as a basis for a traditional discrimination claim, including race, national origin, political, religious and labor union affiliations or other non-merit based factors. 71 P.S. § 741.905a; *see also Pronko*, 539 A.2d at 462. Technical discrimination claims are based on technical or procedural violations of the Act or related regulations and require that the employee show that she was in fact harmed by technical non-compliance with the Act or evidence that because of the peculiar nature of the impropriety, she could have been harmed but there is no way to definitively prove the harm. *Reck*, 992 A.2d at 980 n.3; *Price v. Luzerne/Wyoming Counties Area Agency on Aging*, 672 A.2d 409, 413 (Pa. Cmwlth. 1996).

Appeals of discrimination claims must be received by the Commission or postmarked within 20 calendar days of the alleged violation. Section 951(b) of the Act, added by the Act of Aug. 27, 1963, P.L. 1257, *as amended*, 71 P.S. § 741.951(b); 4 Pa. Code § 105.12(a)(3). The 20-day appeal period is mandatory and forecloses jurisdiction by the Commission where the

---

[4] Our review of a decision of the Commission is limited to whether constitutional rights have been violated, whether errors of law have been committed and whether the findings of the Commission are supported by competent evidence. *Pennsylvania Game Commission v. State Civil Service Commission (Toth),* 747 A.2d 887, 890 (Pa. 2000).

[5] Added by the Act of Aug. 27, 1963, P.L. 1257, 71 P.S. § 741.905a.

4

appeal is untimely. *Department of Education, Scranton State School for the Deaf v. Maskaly*, 554 A.2d 146, 147 (Pa. Cmwlth. 1989); *Ellis v. Department of Transportation*, 381 A.2d 1325, 1328 (Pa. Cmwlth. 1978). However, in *Butler v. State Civil Service Commission*, 426 A.2d 239 (Pa. Cmwlth. 1981), this Court held that the discovery rule applied to toll the 20-day period for appeals under the Act. In *Butler*, three female nurses working for the Department of Health applied for an administrator position, but were notified on July 7, 1978 that they had not been selected for the position. *Id.* at 239-40. The female nurses did not find out that a male applicant had been selected until August 22, 1978; the female nurses filed their appeals on September 6, 1978, and the Commission dismissed the appeals as untimely because the appeals were more than 20 days after the challenged personnel decision. *Id.* at 240. This Court reversed the Commission, holding that in order for the nurses to have the "legal ammunition" to show discrimination, it was necessary to compare their qualifications to the individual selected for the position and that comparison was impossible to do until the identity of the individual selected for the position was known. *Id.; see also Seddon v. Pennsylvania Liquor Control Board*, 609 A.2d 619, 621 & n.1 (Pa. Cmwlth. 1992) (observing that the discovery rule applies in claims filed under Section 951(b) of the Act and that the 20-day period began to run 20 days from the date the petitioners discovered their non-selections were "allegedly discriminatory").

Here, according to Petitioner's Appeal Request Form, the first round of interviews occurred in August and September 2013, and Petitioner acknowledges that he was aware of the identity of the person selected for the Position in December 2013. Petitioner asserts that even though he was aware that he had been passed over for the appointment, and was aware of the identity of the

5

person selected, by the end of 2013, he did not appeal his non-appointment at that point because, as he alleges, the posting for the Position had previously been rescinded as a result of a finding of discrimination by the Commission and any "reasonable person would conclude...[that it] would be highly unlikely" that the Department would engage in a discriminatory practice on the second posting. (Appeal Request Form, R.R. 4a.)

Under a strict interpretation of the discovery rule enunciated in *Butler*, Petitioner's appeal of his non-appointment to the Position on August 27, 2015 is untimely because it was filed approximately twenty months after he learned who had been selected for the Position. Once Petitioner knew the identification of the individual selected, he was in a position to compare his qualifications with the individual selected, as in *Butler*. Petitioner's trust in the Department to adhere to the Act and related rules for the second posting of the Position after the first posting was found to be discriminatory was not sufficient justification for his delay in filing his appeal. Nevertheless, Petitioner contends that he could not have been aware of the technical discrimination that would provide the basis for his claim until he viewed the interviewers' scoring of the responses to the first-round interviews on August 11, 2015. However, this argument clearly fails because Petitioner has not shown that he became aware of any information on August 11, 2015 that gave him notice of a technical discrimination. The necessary condition of a technical discrimination case is a violation of the Act or the Commission's regulations; Petitioner did not identify any section of the Act or any rule that the Department's allegedly improper interview scoring purportedly violate in either his Appeal Request Form, request for reconsideration or brief to this Court. In fact, Commission rules do not even require interviews prior to selection for

6

appointment,[6] let alone that the appointing authority only consider the scoring of interview responses when making the assessment about whether an interviewee can progress to the next round of interviews.

Accordingly, the order of the Commission is affirmed.


_____
**JAMES GARDNER COLINS, Senior Judge**


Judge Hearthway did not participate in the decision in this case.

---

[6] Commission Rule 97.16 provides:

> Appointing authorities may conduct interviews or otherwise assess relative suitability for appointment of certified eligibles, but the assessments must be based on job-related criteria and be conducted in accordance with standards established by the Director.

4 Pa. Code § 97.16.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael J. Slatky,                          :
               Petitioner          :
                                               :
        v.          : No. 1965 C.D. 2015
                                               :
State Civil Service Commission              :
(Department of Labor and Industry),         :
               Respondent          :

# O R D E R

AND NOW, this 16th day of November, 2016, the order of the State Civil Service Commission in the above-captioned matter is AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**