# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jennifer Beuchat, : 
　　　　　　　　Petitioner : 
　　　　　　　　 : 
　　v. : No. 988 C.D. 2017
　　　　　　　　 : Submitted: December 1, 2017
State Civil Service Commission : 
(Department of Corrections), : 
　　　　　　　　Respondent : 


BEFORE:　HONORABLE P. KEVIN BROBSON, Judge
　　　　　　　HONORABLE PATRICIA A. McCULLOUGH, Judge
　　　　　　　HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**　　　　　　　**FILED: June 13, 2018**


　　　　Jennifer Beuchat (Beuchat) petitions for review of an order of the State Civil Service Commission (Civil Service Commission), which dismissed her appeal challenging her non-selection for a promotion to Corrections Officer 4 with the Pennsylvania Department of Corrections (Department). The Civil Service Commission denied Beuchat's appeal as untimely on the basis that it was not filed within 20 days of the date that Beuchat became aware of the challenged action. For the reasons that follow, we affirm.

　　　　Beuchat served as a corrections officer with the Department at the State Correctional Institution at Muncy (SCI-Muncy). Beuchat applied for a promotion to the position of "Corrections Officer 4"—a position Beuchat also refers to as

"Captain" and "Shift Commander"—but the Department notified her on April 11, 2017 that it did not select her. The April 11, 2017 notification of non-selection included the name of the successful candidate. On April 18, 2017, Beuchat spoke with the major at SCI-Muncy with whom she interviewed for the position. According to Beuchat, the major informed her that she was not selected for reasons such as biting her fingernails and appearing apathetic during the interview. (Petitioner's Br. at 2.) At that time, 13 days remained for Beuchat to file a timely appeal request form with the Civil Service Commission. Instead, she filed her appeal request form on May 3, 2017.

By order dated June 21, 2017, the Civil Service Commission denied Beuchat's appeal on the ground that she did not file her appeal request within 20 days of the notification of the non-promotion as required by the Civil Service Act (Act)[1] and reiterated by the Civil Service Commission rules.[2] (Certified Record (C.R.), Item No. 2.) This appeal followed.

On appeal,[3] Beuchat argues that the Civil Service Commission erred by dismissing her appeal as untimely. She alleges that she filed the appeal request form within 20 days of her discovering the discrimination. More specifically, Beuchat

---

[1] Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §§ 741.1-.1005.

[2] Specifically, the Civil Service Commission cited Rule 105.12(a)(3), which provides:

(a) Requests for hearings shall be:

. . .

> (3) Received or postmarked not more than 20 calendar days after the employee receives notice of the challenged personnel action.

4 Pa. Code § 105.12(a)(3).

[3] Our review of a decision of the Civil Service Commission is limited to whether constitutional rights have been violated, whether errors of law have been committed, and whether the findings of the Commission are supported by substantial evidence. *Woods v. State Civil Serv. Comm'n*, 912 A.2d 803, 808 (Pa. 2006).

2

contends that it was not until April 18, 2017, when she spoke with the major at SCI-Muncy, that she learned that she was not selected for the promotion due to non-merit factors, and, therefore, the 20-day limit should have started to run on that date. Beuchat further argues that 20 days is an unreasonable timeframe for a person to determine that discrimination has occurred. Beuchat further contends that a person suspecting discrimination would first need to acquire detailed information about the successful candidate: "the other candidate's test score, employee performance reports, prior discipline, overall service record (including time and attendance), prior discipline, resume or qualifications, and prior personnel actions (demotions, reinstatements, etc.)." (Petitioner's Br. at 1.)

As part of her timeliness argument, Beuchat contends that her non-promotion was due to discrimination,[4] which is prohibited by Section 905.1 of the Act.[5] Section 951(b) of the Act, however, provides:

---

[4] Beuchat's arguments appear to pertain to both the April 11, 2017 notification of non-selection as well as comparisons to previously successful candidates for Corrections Officer 4. Beuchat posits that successful candidates for Corrections Officer 4 were less qualified than her because: (1) she had higher test scores; (2) she had more experience as Acting Shift Commander (temporarily having the responsibility of Corrections Officer 4); and (3) she had fewer incidents of discipline on her record. She provides several reasons why she believes she was not selected for the promotion, despite her qualifications. She contends that the successful candidate was selected over her because Beuchat had reported her supervisor for sexually inappropriate behavior with a coworker. Beuchat also contends that she was not selected because the misconduct report that she lodged against her supervisor earned her a reputation as a "whiny" employee, a personality trait, and Beuchat argues that the Act prohibits basing an employment decision on a candidate's reputation for being "whiny." (Petitioner's Br. at 5.) Beuchat argues that, aside from reporting sexual harassment and her reputation for being whiny, "all other factors were relatively equal." (*Id.*)

[5] Added by the Act of August 27, 1963, P.L. 1257, 71 P.S. § 741.905a. Section 905.1 of the Act provides:

> No officer or employe of the Commonwealth shall discriminate against any person
> in recruitment, examination, appointment, training, promotion, retention or any

3

> Any person who is aggrieved by an alleged violation of Section 905.1 of this act[, relating to prohibition of discrimination,] may appeal in writing to the commission within twenty calendar days of the alleged violation. Upon receipt of such notice of appeal, the commission shall promptly schedule and hold a public hearing.

Here, Beuchat appealed the decision of the Department on May 3, 2017, more than 20 days after notification of her non-selection on April 11, 2017. Thus, her appeal is untimely under Section 951(b) of the Act.

That is not the end of the inquiry, however, as we determined in *Butler v. State Civil Service Commission*, 426 A.2d 239 (Pa. Cmwlth. 1981), that the discovery rule may be applied to toll the 20-day period for appeals under the Act. In *Butler*, the Department of Health denied three female nurses a promotion to an administrative position. Over a month after notification of the non-selection, the three female nurses learned the identity of the successful candidate for the promotion and that he was the only male applicant. The Civil Service Commission dismissed the appeals as untimely because the female nurses filed their appeals of the decision more than 20 days after the notification of non-selection. This Court reversed and instead held that the 20-day limit was tolled until the date that the female nurses learned the identity of the successful applicant. We explained that an unsuccessful applicant must know the identity of the successful candidate before suspecting that the employer's decision was not based on merit.

Therein lies the difference between the instant case and *Butler*. Here, the April 11, 2017 notification to Beuchat of her non-selection included the name of the successful applicant. Beuchat acknowledged as much in her petition for review.

---

other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors.

(*See* Pet. at ¶ 11.) Unlike the female nurses in *Butler*, who did not know the identity of the successful applicant, Beuchat possessed the requisite knowledge to suspect that she was the victim of discrimination (if that was the case). She knew the identity of the successful applicant as of April 11, 2017, but she did not appeal to the Civil Service Commission within 20 days as required by Section 951(b) of the Act. Beuchat provides no authority to support the contention that she did not need to file her appeal until 20 days after acquiring a more detailed employment history of the successful candidate.

The distinction between this case and *Butler* is bolstered by the reason for the alleged discrimination in each case. Here, Beuchat states that she reported alleged inappropriate behavior by her supervisor, and, as a result, she was reputed to be "whiny." Beuchat had knowledge of those circumstances prior to the April 18, 2017 meeting with the major at SCI-Muncy. Thus, the April 18, 2017 meeting, wherein the major identified her demeanor during the interview as her reason for non-selection, did not provide the basis for Beuchat's theory of discrimination. The facts in this case are in stark contrast to the inferred discriminatory grounds in *Butler*—*i.e.*, discrimination based on the gender of the three female nurses. The female nurses had no reason to suspect they were not promoted due to their gender until they discovered the identity of the successful applicant and that he was also the only male applicant, which occurred well after the deadline for an appeal.[6] Beuchat, on the other hand, knew of her own reputation and her history of reporting her supervisor at the time of her non-selection, well in

---

[6] Beuchat was not required to *prove* her entire case within 20 days; rather, she was required to *initiate* her case within 20 days. The filing of an appeal request form serves to begin the process of contesting a promotion decision and is followed by a hearing for the purpose of obtaining information on the alleged discrimination.

advance of the appeal deadline. Moreover, to the extent Beuchat argues that she was not hired due to what Beuchat refers to as non-merit factors or personality traits—*i.e.*, her demeanor in the interview, specifically appearing apathetic and biting her nails—a candidate alleging that such consideration constituted discrimination must do so within the allotted 20 days.

Accordingly, we affirm the decision of the Civil Service Commission.

_____
P. KEVIN BROBSON, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Jennifer Beuchat,                                      :
                          Petitioner      :
                                                          :
          v.                                             :     No. 988 C.D. 2017
                                                          :
State Civil Service Commission          :
(Department of Corrections),               :
                          Respondent    :

# **O R D E R**

AND NOW, this 13th day of June, 2018, the order of the State Civil Service Commission is hereby AFFIRMED.

_____
P. KEVIN BROBSON, Judge