516 A.2d 1327

William K. Pannacci, Petitioner v. Commonwealth of Pennsylvania, State Civil Service Commission, Respondent.

William K. Pannacci, Petitioner v. Commonwealth of Pennsylvania, State Civil Service Commission, Respondent.

Argued September 8, 1986, before Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Michael I. Levin,* with him, *Richard C. Lengler, Cleckner and Fearen,* for petitioner.

*Barbara G. Raup,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, October 30, 1986:

This is an appeal by William K. Pannacci from an order of the State Civil Service Commission (Commission) denying his request for a hearing on his non-selection for promotion and from a subsequent order wherein the Commission reaffirmed its first order. A detailed explanation of correspondence between Pannacci and the Commission is necessary for a thorough understanding of the issues.

Pannacci, a Pharmacist I, regular status, employed by the Clarks Summit State Hospital, Department of Public Welfare (Appointing Authority) sought promotion to the position of Chief Pharmacist at the hospital. The availability of the position was announced via a posted notice dated January 9, 1985. The notice, in addition to describing the criteria for the job, contained the following general statement:

Options available to fill the position include Civil Service lists, transfers, demotions, reinstatements, reassignments and promotion without examination.

In addition, under a section of the notice entitled *How To Apply,* interested and qualified applicants were directed to submit certain information "under the 501 Promotion Without Examination Criteria." The posted

notice contained no instructions indicating any other method for application for this position. Thus, the notice did not specifically advise applicants to take a Civil Service examination or that taking such an examination would be a necessary prerequisite to being selected for the position. Consequently, Pannacci did not take a civil service examination. By letter dated March 8, 1985 Pannacci was advised that the position to which he sought promotion was "being filled by promotion *with* examination and is being granted to another applicant." (Emphasis added.)

Pannacci timely appealed his non-selection for the promotion, alleging discrimination.[1] In his appeal form, however, he failed to state the specific reasons for his allegation of discrimination despite clear directions on the form that such failure could result in denial of an appeal. *See also* 4 Pa. Code 105.12(b) and (c) (stating the facts which should appear on an appeal request form where there is an allegation of discrimination).

Concomitant with his appeal from non-selection, Pannacci was also in contact with the Executive Director of the State Civil Service Commission requesting that that individual authorize an investigation of certain activities at the hospital. The activities which were the subject of this request pertained to the selection process for the Chief Pharmacist position as well as other discriminatory treatment allegedly perpetrated against Pannacci because of his utilization of the employee grievance process on numerous prior occasions. Two letters, dated April 1, 1985 and April 5, 1985, setting forth details of the alleged discriminatory activities

---

[1] An employee who is appealing his non-selection for promotion may appeal this personnel action only on the basis of discrimination. *Taylor v. State Civil Service Commission,* 67 Pa. Commonwealth Ct. 594, 597 n.3, 447 A.2d 1098, 1099 n.3 (1982). The employee bears the burden in such an appeal. *See* 4 Pa. Code 105.16.

were sent to the Executive Director of the Commission. The April 1 letter stated, *inter alia,* that the posted notice indicated that promotion without examination procedures would be used and hence was contradictory to the letter of March 8, 1985 Pannacci had received indicating that selection had actually been effected via an examination process. The letter also contained a request that no hearing be scheduled on Pannacci's appeal until the investigation had been completed. The April 5 letter indicated that Pannacci "was informed" prior to the application deadline that the vacancy was being filled by promotion *with* examination and referred to his attempts to get clarification on whether he needed to take the examination.

The Executive Director of the Commission responded to Pannacci's April 5 letter as follows:

> The material which you forwarded to me will be included in your appeal folder since it basically relates to the appeal request which you previously filed with this agency. Because this matter is in formal appeal, I cannot advise you one way or another regarding the matter. The information which you included with your letter of April 5, seems to be part of your appeal case, and as such, any determination as to resolving the matter prior to hearing should be made by you and your attorney.

> As previously stated, I am forwarding this material to our Appeals Division to be included in your appeal folder. It will not, however, be a part of your formal appeal, so that any material that you want included should be presented by you at any appeal hearing that may be granted.

On April 18, 1985 the Commission dismissed Pannacci's appeal without a hearing because he had "not indicated acts which, if proven would constitute discrimination,

although requested to do so." That dismissal order was timely appealed to this Court. It is not in dispute that prior to issuing its April 18 order the Commission considered Pannacci's April 1 letter to the Executive Director, although Pannacci had not specially sought to amend his appeal form. The Commission, however, did not consider the information set forth in the April 5 letter.

It is unclear whether Pannacci, after receiving the April 10 letter from the Commission's Executive Director, immediately understood that his April 5 letter was not considered by the Commission when it decided to dismiss his appeal. In any event he did not immediately seek reconsideration. At some later point Pannacci retained counsel who then, on the advice of the Chief Counsel for the State Civil Service Commission, petitioned for reconsideration by letter to the Commission dated August 30, 1985. The letter petition stated in pertinent part:

> This application is filed at this time . . . in light of the discovery that certain materials Mr. Pannacci forwarded to the Commission in connection with his appeal were never reviewed by the members of the Commission. Specifically, this office has been advised that the Commission did not review Mr. Pannacci's April 5, 1985 letter to John Millet [the Commission's Executive Director], the documentation accompanying said letter, and a grievance folder regarding the appointment of Mrs. Sandra L. Yadouga as Acting Chief Pharmacist.

The application further indicated that Pannacci, after communicating with the Appointing Authority, had been left with the impression that no examination would be required. The Commission entertained this application for reconsideration, reviewed the additional

materials and then by letter dated September 27, 1985 reaffirmed its prior decision.

On appeal here several issues are presented for our review. We shall first examine the question of whether the Commission had jurisdiction to entertain a petition for reconsideration. The Commission has promulgated a regulation which indicates that petitions for reconsideration must be filed within ten calendar days after the issuance of a Commission order. *See* 4 Pa. Code 105.17(c). Clearly, the petition here, sent August 30, 1985, was beyond that time period (April 28, 1985). But, we need not consider the question of whether the Commission could in certain circumstances grant reconsideration beyond the period set forth in its rule because there is another time restriction which operated to deprive it of subject-matter jurisdiction. Pursuant to Pa. R.A.P. 1701(b)(3) a quasi-judicial body can, even after appeal is taken to an appellate court, grant reconsideration if the petition for reconsideration was timely before the agency (a question we need not consider here) *and* if the order granting reconsideration is filed by the governmental unit within the time prescribed for filing the petition for review to this Court. Pursuant to our rules, a petition for review has to be filed with this Court within 30 days of the Commission's April 18, 1985 order. Thus, until May 18, 1985 the Commission could have granted reconsideration. After that date, however, jurisdiction of the case was solely within the province of this Court and the Commission could not then entertain the petition for reconsideration absent a petition to this Court requesting that the matter be remanded. *See York Tape and Label Corp. v. Unemployment Compensation Board of Review,* 62 Pa. Commonwealth Ct. 163, 435 A.2d 305 (1981).[2] Thus, any consideration it gave

---

[2] As our ensuing discussion will establish, a remand for consideration of the April 5 letter will be unnecessary. In addition, this

the case beyond May 18, 1985 was of no effect because it lacked subject-matter jurisdiction. Accordingly, what we are left with is the Commission's consideration of a timely appeal request form which did not contain an explanation of the Petitioner's allegations of discrimination (Pannacci does not even now assert that the statements on the appeal request form were sufficient) and the April 1 letter which the Commission in its discretion chose to consider in the nature of an amendment. *See* 4 Pa. Code 105.12(d) (permitting acceptance of an amendment to an appeal solely at the discretion of the Commissioners).

As previously indicated, the Commission in its April 18 order determined that the appeal request form and April 1 letter did not contain sufficient information to entitle Pannacci to a hearing. We must thus determine whether Pannacci's allegations set forth sufficient information to avoid what is in essence a dismissal for failure to state a cause of action. For guidance we turn to Commission Regulation 105.12, 4 Pa. Code §105.12, which provides in pertinent part:

(b) The person appealing shall state clearly and concisely the:

(1) Grounds of the interest of the person and the subject matter.

(2) Facts relied upon.

(3) Relief sought.

(c) Appeals alleging discrimination which do not include specific facts relating to discrimination may be dismissed. Specific facts which should appear on the appeal form include:

(1) The acts complained of.

Court could have, pursuant to Pa. R.A.P. 1701(b)(5), directed that the case be remanded for further consideration *if* an application requesting such relief had been filed with us; however, no such application was filed.

(2) How the treatment differs from treatment of others similarly situated.

(3) When the acts occurred.

(4) When and how the appellant first became aware of the alleged discrimination.

Although we certainly agree that Pannacci's initial appeal request form does not comport with the requirements of this regulation,[3] we do believe that the April 1 letter provided sufficient additional information so as to entitle Pannacci to a hearing. His letter refers to the vacancy notice explaining the promotion without examination procedures and his March 8 non-selection letter containing a seemingly contradictory statement.

The prohibition against discrimination appearing in Section 905.1 of the Civil Service Act (Act),[4] 71 P.S. §741.905(a), is broadly worded and prohibits discrimination based upon, *inter alia*, "non-merit factors." We have recognized that such non-merit factors can include employment of a discriminatory procedure in the implementation of a personnel action. *See, e.g., Williams v. Department of Transportation*, 64 Pa. Commonwealth Ct. 153, 439 A.2d 233 (1982) (use of non-uniform performance evaluation reports for purposes of computing furlough order held discriminatory); *Alterman v. Baker*, 71 Pa. Commonwealth Ct. 124, 454 A.2d 1154 (1983) (use of unauthorized testing procedures, even if applied to all applicants, is discriminatory). If in fact the Appointing Authority advertised an intent to use one type of promotion process and then used a different one, or if its posted notice was misleading or upon inquiry an applicant was in fact misled, such actions may well be con-

---

[3] On his appeal request form Pannacci wrote only "[t]he guidelines promulgated for the selection process were not adhered to in choosing the chief pharmacist."

[4] Act of August 5, 1941, P.L. 752, *as amended*. Section 905.1 was added by Section 25 of the Act of August 27, 1963, P.L. 1257.

sidered suspect.[5] We thus believe that the allegations set forth by Pannacci are sufficient as a matter of law to resist a dismissal of his appeal for failure to state a cause of action. Accordingly, the order of the Commission is vacated and we shall remand this case to the Commission with directions to conduct a hearing in this matter.

ORDER

Now, October 30, 1986, the orders of the State Civil Service Commission in the above-captioned matters are hereby vacated and the case is remanded. The Commission is directed to conduct a hearing on the issue of whether the Appointing Authority violated Section 905.1 of the Civil Service Act in its promotion procedures. Jurisdiction relinquished.

---

[5] The Appointing Authority does have the right to utilize a promotion without examination procedure pursuant to Section 501 of the Act, 71 P.S. §741.501.