522 A.2d 163

Jesse Samuel, Petitioner *v.* Commonwealth of Pennsylvania, State Civil Service Commission, Respondent.

Submitted on briefs December 9, 1986, to Judges MacPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Kenneth A. Wise,* for petitioner.

*Earl R. Dryer,* Deputy Counsel, for respondent.

OPINION BY JUDGE DOYLE, March 10, 1987:

This is an appeal by Jesse Samuel (Appellant) from an order of the State Civil Service Commission (Commission) which declined to grant Appellant's request for a hearing because it determined that he had not "indicated acts which, if proven, would constitute discrimination, although requested to do so on the [Commission's] Appeal Request Form."

Because there has been no hearing the factual record is sparce. We will, however, recite the allegations in Appellant's brief. Appellant was employed by the Pennsylvania Liquor Control Board (Appointing Authority) as a Custodial Worker I, regular status, since 1974. His last day of work was December 17, 1985, after which he was off work due to a foot injury that necessitated surgery the following month. At some point (the date is unclear) Appellant requested medical leave from the Appointing Authority, which was apparently granted. Then in February 1986 the Appointing Authority sent Appellant an additional application for leave along with another medical form, which Appellant alleges he turned over to his doctor who did not complete the form until April 11, 1986. Appellant also alleges that he

called the Appointing Authority weekly to report his continuing absence.

By letter from the Appointing Authority dated April 8, 1986 Appellant was informed that he had been deemed to have resigned his position. This letter stated in pertinent part:

> As provided in the Civil Service Rules, failure to request reinstatement or further leave on or before your leave expiration date shall be deemed a resignation. Therefore, since you have not requested reinstatement or further leave, as you were instructed in our letters of January 31, 1986 and February 25, 1986 we are recording your resignation effective at the close of business March 28, 1986.

Following receipt of this letter, Appellant filed a timely appeal with the Commission. Appellant specified on Part Two of the Commission's appeal request form, pertaining to regular status employees appealing under Section 951(a) of the Civil Service Act[1] (Act), 71 P.S. §741.951(a), that the remedy he sought was reinstatement "due to a mistake on the leave without pay-request form." In addition, he checked a box designating that the action appealed from was his "removal" and explained the reasons for his appeal as follows:

> All forms was [sic] given to doctor to be filled out and sent to the office. . . . There was a mistake on completion of forms that I was not aware of until I receive [sic] a termination notice from my employer. P.L.C.B.

Appellant did not complete Part Three of the Commission's appeal request form, pertaining to employees al-

---

[1] Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.951(a). Section 951(a) was added by Section 27 of the Act of August 27, 1963, P.L. 1257.

leging discrimination under Section 951(b) of the Act,[2] 71 P.S. §741.951(b); nor does Appellant assert now that discrimination is a theory which he wishes to pursue. The Commission dismissed the appeal without a hearing after determining that Appellant could only appeal the personnel action in question under Section 951(b) by alleging discrimination. Appeal to this Court followed.[3]

Before us Appellant contends, *inter alia,* that he is entitled to a hearing under Section 951(a) of the Act (discharge for cause), and that he set forth sufficient information so as to resist the Commission's dismissal of his appeal without a hearing. The Commission counters that the personnel action in question is a resignation by abandonment and that such action is appealable only under Section 951(b) of the Act (on grounds of discrimination). It argues further that even if this Court determines that the action is appealed under Section 951(a), Appellant has not alleged any violation of the Civil Service Act in his appeal form and thus he has failed, in effect, to state a cause of action.

Assuming without deciding that the personnel action in question is a resignation by abandonment, the

---

[2] Section 951(b) was added by Section 27 of the Act of August 27, 1963, P.L. 1257.

[3] The appeal was dismissed without an opportunity to amend; however, it appears that subsequent to the dismissal there was no request to amend, nor was a petition for reconsideration filed before the Commission. We note that the Commission has discretion to permit amendments. *See* 4 Pa. Code §105.12(d); *Pannacci v. State Civil Service Commission,* 101 Pa. Commonwealth Ct. 602, 516 A.2d 1327 (1986). The Commission is also empowered to consider petitions for reconsideration. *See* 4 Pa. Code §105.17. Because of our disposition of this matter, we need not consider Appellant's argument that the dismissal of his appeal without first notifying him of defects and giving him an opportunity to amend violated his due process rights. *But see* n. 6.

issues then become (1) is a resignation by abandonment appealable under Section 951(a) of the Act, and if it is appealable (2) did Appellant set forth sufficient information to resist summary dismissal of his appeal.

Section 951(a) reads in pertinent part:

> Any regular employe in the classified service may, within twenty calendar days of receipt of notice from the appointing authority, appeal in writing to the commission . . . *[a]ny permanent separation,* suspension for cause, furlough, or demotion on the grounds that such action has been taken in his case in violation of the provisions of this act[.] [U]pon receipt of such notice of appeal, the commission shall promptly schedule and hold a public hearing.

(Emphasis added.)

In order for a resignation by abandonment to fall within the provisions of Section 951(a) the resignation must constitute a "permanent separation." Resignation has been defined in Commission Regulation 101.51(2), 4 Pa. Code §101.51(2), as "a voluntary *termination of employment*" as evidenced either by written notice given by the employee to his employer or by the employee's "absence from duty for at least 5 consecutive work days without notice to the immediate supervisor." (Emphasis added.) In addition, Regulation 101.53(a), 4 Pa. Code 101.53(a), provides that a failure to return from a leave of absence may be regarded by an appointing authority as a resignation and Regulation 101.55(b), 4 Pa. Code §101.55(b), provides that "[u]nexplained failure to report for duty for 5 work days following termination of a leave of absence shall be deemed a resignation. . . ."

Regulation 101.51 speaks of a resignation as a termination of employment and certainly a termination of employment constitutes a permanent separation. Yet,

the Commission asserts that it has always interpreted the term permanent separation in Section 951(a) to refer only to removal actions.[4] It is our belief that the Commission's interpretation is too restrictive and operates to deprive Appellant of a recognized property right. *See Office of Administration v. Orage,* 511 Pa. 528, 515 A.2d 852 (1986). Section 951(a) speaks of *any* permanent separation. We think that the legislature by use of the word "any" recognized that a permanent separation could occur other than by removal. Had the legislature wished to restrict the appeal rights of a regular status employee who was permanently separated from employment only to those instances where a removal action had been taken, it could have merely employed the term "removal" in Section 951(a). The choice of the broader language "any permanent separation" must be given some significance. We therefore hold that in cases of alleged resignation by abandonment, the regular status employee is entitled to a hearing under Section 951(a).[5]

The question then becomes did Appellant (who states in his brief to this Court that he is functionally illiterate) allege sufficient information on the appeal request form to resist the Commission's dismissal of his appeal. The Commission, arguing that Appellant in order to state a cause of action had to allege a violation of the Act, apparently reads Section 951(a) to require such allegation. Yet, the Commission's own Regulation 105-

---

[4] "Removal" is statutorily defined under Section 3(v) of the Act, 71 P.S. §741.3(v), as "the permanent separation from the classified service of an employe who has been permanently appointed."

[5] We note that in at least one other instance the Commission permitted a resignation by abandonment to proceed under Section 951(a) of the Act. *See Wilson v. Bureau of Vocational Rehabilitation, Department of Labor and Industry,* 61 Pa. Commonwealth Ct. 41, 432 A.2d 656 (1981).

.12, 4 Pa. Code §105.12, dealing with requests for hearings, requires that for a Section 951(a) appeal the aggrieved employee merely state (1) his interest in the subject matter, (2) the facts he relies upon and (3) the relief sought. There is no doubt that Appellant met these requirements and the Commission cannot by the directions on its Appeal Request Form heighten these requirements. Because Appellant has met the requirements of regulation 105.12 he has pled his case sufficiently so as to entitle him to a hearing on the merits.

As is evident from the foregoing discussion, we believe that the dismissal of the appeal was improper and therefore, we vacate the Commission's order and remand .this case for a hearing on the merits under Section 951(a) of the Act. We will take a moment to add, however, our expression of concern that the Commission has interpreted its pleading requirements so strictly. Its dismissal of the appeal of an employee with over ten years service without a hearing seems to us to be unduly harsh. Although we recognize that there was apparently no request by Appellant to amend his appeal form, nor did he file a petition for reconsideration (*see* note 3), the action taken here is, nonetheless, quite severe especially in light of the fact that administrative agencies are usually viewed as accepting pleadings and conducting hearings that are less formal with respect to procedure and evidence than are courts of law. *See generally* Section 505 of the Administrative Agency Law, 2 Pa. C. S. §505. Yet, even before the courts a party may, in response to a preliminary objection, amend his pleading once as of right. *See* Pa. R.C.P. No. 1028(b).[6]

---

[6] We add that we specifically leave untouched the issue of whether, in cases such as this, where a regular status employee appeals under Section 951(a) asserting the deprivation of a recognized property right and does *not* bear the burden of proof, the

ORDER

NOW, March 10, 1987, the order of the State Civil Service Commission, No. 6638, dated May 15, 1986, is hereby vacated and the case is remanded to the Commission with instructions to conduct a hearing on the merits under Section 951(a) of the Civil Service Act. Jurisdiction is relinquished.

Commission can *sua sponte* dismiss the appeal for failure to state a cause of action. Such practice *may* be a violation of due process and may be contrary to *Callahan v. Pennsylvania State Police,* 494 Pa. 461, 431 A.2d 946 (1981), wherein the Pennsylvania Supreme Court held that in order for an agency's adjudication to be valid it must be preceded by an opportunity to be heard. Because we have determined here that Appellant did set forth sufficient information on his appeal form to resist the dismissal of his action we need not decide this issue.

We recognize that we have permitted the Commission to dismiss *sua sponte* an appeal for failure to state a cause of action in cases where the appeal is under Section 951(b) and the burden initially is upon the employee, *see e.g., Behm v. State Civil Service Commission,* 90 Pa. Commonwealth Ct. 207, 494 A.2d 1166 (1985), and in cases involving the question of subject matter jurisdiction, *see e.g., Marks v. Civil Service Commission,* 7 Pa. Commonwealth Ct. 414, 299 A.2d 691 (1973) (Commission can *sua sponte* dismiss an appeal which is untimely filed with it).