555 A.2d 297

Andrew Shepta, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs November 30, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Andrew Shepta,* petitioner, for himself.

*Timothy P. Wile,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, March 8, 1989:

Andrew Shepta appeals an order by the State Civil Service Commission dismissing his appeal from the non-selection of him for promotion by the Pennsylvania Board of Probation and Parole (appointing authority) to the position of Parole Hearing Officer.

The undisputed facts are that Shepta applied for a vacant position as a parole hearing officer. A letter dated June 29, 1987, written by Shepta to the commission, indicates that he became aware of his nonselection on June 15, 1987; that letter also requested information on the applicant-evaluation process. On July 2, 1987, Shepta wrote to the personnel director of the appointing authority inquiring further into the selection process.

After an extensive series of written and oral exchanges between Shepta and both the commission and the appointing authority, Shepta filed an appeal request with the commission on September 1, 1987. He alleged that he had been discriminated against because of his age (62), his physical condition (neck and back injuries) and because he is not black.

The appointing authority submitted a motion to dismiss the appeal as untimely. After the commission denied the motion, the appointing authority entered a motion for certification of interlocutory order and stay. The commis-

sion denied that motion, but noted that "our ruling denying your motion does not bar you from again raising the matter at hearing and presenting evidence in support of your position." Finally, this court denied (1) the appointing authority's petition for review from an order of the commission refusing to amend its order to include interlocutory review language, and (2) its application for stay of proceedings before the commission. No. 218 C.D. 1988. The commission held a hearing on February 3, 1988, and by a two-to-one vote, dismissed the appeal because Shepta had not filed his appeal within the twenty-day period established under section 951(b) of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.951(b).[1]

Shepta now comes before this court contending that he filed his appeal with the commission in timely fashion. In support of this contention, Shepta asserts that, because he has not received any written notice of his nonselection, the twenty-day appeal period has yet to commence. Additionally, Shepta argues that the commission is being overly technical in its interpretation of procedures when it fails to recognize the letters of June 29 and July 2 as indications of Shepta's intent to appeal.

The first issue before us is whether written notice of nonselection to fill a vacancy is necessary to start the twenty-day appeal period. No such requirement exists.[2] So long as the employee-applicant has actual notice of the nonselection, the twenty-day appeal period commences upon his receipt of such notice. *Taylor v. State Civil*

---

[1] "Any person who is aggrieved by an alleged violation of section 905.1 of this act [Prohibition of discrimination] may appeal in writing to the commission within twenty calendar days of the alleged violation." (Footnote omitted.)

[2] Section 950 of the Act, 71 P.S. §741.950, requires written notice only "in the case of the permanent separation, suspension for cause, or demotion of a regular employee."

*Service Commission*, 67 Pa. Commonwealth Ct. 594, 447 A.2d 1098 (1982).

Shepta acknowledged in his letter of June 29 that he became aware of his nonselection on June 15, 1987; hence his appeal was due to be filed no later than July 6, 1987 (July 5, the twentieth day, fell on a Sunday). By filing his appeal on September 1, 1987, Shepta has clearly exceeded the twenty-day limit.

Our evaluation now turns to whether Shepta's letters of June 29 and July 2 contain sufficient information to be construed as a timely appeal. The pertinent regulation, 4 Pa. Code §105.12, provides, in part, the following:

**§105.12. Requests.**

(a) Requests for hearings shall be:

(1) Made in writing.

(2) Personally signed by the individual appealing.

(3) Postmarked not more than 20 calendar days after the employe receives notice of the challenged personnel action. Persons appealing discrimination under section 905.1 of the act (71 P.S. §741.905(1)) shall appeal within 20 calendar days of the alleged discrimination.

(b) The person appealing shall state clearly and concisely the:

(1) Grounds of the interest of the person in the subject matter.

(2) Facts relied upon.

(3) Relief sought.

(c) *Appeals alleging discrimination which do not include specific facts relating to discrimination may be dismissed.* Specific facts which should appear on the appeal form include:

(1) The acts complained of;

(2) How the treatment differs from treatment of others similarly situated.

(3) When the acts occurred.

(4) When and how the appellant first became aware of the alleged discrimination. (Emphasis added.)

The content of the June 29 letter consists of Shepta's acknowledgment of his nonselection and questions pertaining to the evaluation process. The letter of July 2 similarly inquires about the process and includes the question "why do you discriminate against me?" At no time in either letter does Shepta indicate an intent to appeal his nonselection. Moreover, Shepta fails to conform to the requirements of 4 Pa. Code §105.12 by not requesting any form of relief and not including any *specific facts* relating to discrimination.

Shepta asserts that the commission is adhering too strictly to the requirements of the statute, and cites the cases of *Pannacci v. State Civil Service Commission*, 101 Pa. Commonwealth Ct. 602, 516 A.2d 1327 (1986), and *Samuel v. State Civil Service Commission*, 104 Pa. Commonwealth Ct. 474, 522 A.2d 163 (1987), as authority that administrative agencies are permitted a more lenient standard. The conclusion is accurate, but neither case is analogous to Shepta's.

In *Pannacci*, the employee timely appealed his nonselection, but failed to state the specific reasons for the alleged discrimination. After filing the appeal, Pannacci sent two letters to the commission setting forth the details of the alleged discrimination. The executive director of the commission allowed the letters to be included because they related to the appeal requests previously filed with the agency. We agreed that the letters provided sufficient *additional* information to entitle Pannacci to a hearing.

The situation in *Samuel* involved a functionally illiterate employee, deemed to have resigned his position by abandonment, who sought a hearing for reinstatement. Samuel filed a timely appeal with the commission, but failed to complete a portion of the form pertaining to discrimination allegations. (Samuel did not intend to allege discrimination.) The commission dismissed the appeal because it determined that Samuel could only appeal the action under section 951(b) of the Act by alleging discrimination. We remanded the case for Samuel to receive a hearing because he met the basic requirements of 4 Pa. Code §105.12 without making a specific discrimination allegation.

In both of these cases, the employee unquestionably initiated the appeal process within the twenty-day period. *Pannacci* essentially permitted an employee to *amend* a filed appeal, under the proper circumstances, without a formal request to do so. *Samuel* approved the content of a timely appeal as being legally sufficient.

However, letters which do not meet the basic requirements of 4 Pa. Code §105.12 cannot be considered sufficient indications that the writer is initiating the appeal process. Therefore, Shepta is not in a position to utilize the exceptions we permitted in *Pannacci* and *Samuel*.

Accordingly, we affirm the decision of the commission.

ORDER

NOW, March 8, 1989, the order of the State Civil Service Commission, Appeal No. 7660, dated May 19, 1988, is affirmed.