625 A.2d 148

**Pasquale A. FILICE, Petitioner,**

v.

**DEPARTMENT OF LABOR & INDUSTRY, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 1, 1993.

Decided April 30, 1993.

Robert L. Felice, for petitioner.

Frederick C. Smith, Jr., Chief Counsel, for respondent.

Before DOYLE and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

FRIEDMAN, Judge.

Pasquale A. Filice appeals from an order of the State Civil Service Commission (Commission) which denied Filice's request for a hearing on his allegation of employment discrimination based on racial and/or ethnic considerations, concluding that Filice did not state a claim for discrimination in his Appeal Request form.

Filice is a 16–year veteran of the Bureau of Tax Operations (Bureau) where he is employed as a tax agent. Seeking promotion, Filice took a Civil Service exam and scored 95%, a result he contends was the highest achieved by any of those examined at that time. The score remains valid through January 1994 and qualifies Filice for placement on the list of persons eligible for promotion.

In fact, an opening arose for the position of Tax Office Manager 2 at the Norristown West office. Filice contends that although, under the Commission's rules, the Bureau must

notify those persons on the promotion list about all job openings,[1] he never received notification that the Tax Office Manager 2 position was available. Filice concedes that no one else on the list received official notification but contends that verbal notification apparently was passed to certain persons, in violation of the Civil Service Commission rules.

Filice's immediate supervisor was aware that interviews were being conducted to fill the Tax Office Manager 2 vacancy; however, assuming Filice had been properly notified, the supervisor had not felt it necessary to mention the interviews to Filice. Filice was never interviewed for the job. On March 30, 1992, an office supervisor informed Filice that Calvin Wilder, a black employee, had been appointed to that position. The Chief of the Examination and Certification Documents Division characterized the oversight as "clerical error;" she explained that Filice was not listed as a full-time employee on the files and so was not informed of available full-time positions.

Filice appealed the decision to award Wilder the Tax Office Manager 2 position. On the Appeal Request form Filice claimed "race" as the reason for his own non-appointment, explaining that he suffered discrimination because: (a) the Bureau did not follow proper promotion procedures; (b) the Bureau engaged in a practice of promoting non-whites, women and other minorities over white males, in violation of both state and federal law; and (c) the Bureau exhibited a pattern of such discriminatory practices. Filice stated further that he had appeared on the promotion list as a full-time employee for a prior management level position in 1989 when he had been similarly overlooked through the Bureau's failure to give him notice of an interview for a promotion and when the Bureau also gave the promotion to a black person. Filice argues that the recurrence of this conduct makes the explanation of a "clerical error" unconvincing. We agree.

1. Filice contends that under Commission rules governing promotions to such positions, notification is supposed to be conducted through the use of form SCSC–98 Rev. 5/88, designated as the Interview Notice/Availability Survey form.

The issues in this case are: (1) whether the Commission erred by dismissing Filice's appeal on grounds that the allegations contained in his Request For Appeal form were insufficient to state a claim for discrimination; (2) whether Filice's Request For Appeal sets forth a *per se* claim for discrimination, which would make it impossible to dismiss the petitioner's appeal as a matter of law; and (3) whether the Commission's alleged failure to advise Filice that an applicant may petition to amend his Appeal Request form constitutes a procedural defect that violates due process.

■ This court's scope of review of a Commission adjudication is limited to determining whether there has been a violation of constitutional rights or an error of law or whether findings of fact are supported by substantial evidence. *Behm v. Commonwealth, State Civil Service Commission,* 90 Pa.Commonwealth Ct. 207, 494 A.2d 1166 (1985).

■ Filice concedes at the outset that the Commonwealth Court has in the past allowed the Commission to dismiss, *sua sponte,* discrimination appeals under section 951(b) of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. § 741.951, without a hearing where the appeal failed to state a claim. *Behm.* However, Filice asserts that he has set forth sufficient facts to establish a discrimination claim. In support of this position, Filice cites 4 Pa.Code § 105.12(c), which provides:

(c) Appeals alleging discrimination which do not include specific facts relating to discrimination may be dismissed. Specific facts which should appear on the appeal form include:

(1) the acts complained of.

(2) how the treatment differs from treatment of others similarly situated.

(3) when the acts occurred.

(4) when and how the appellant first became aware of the alleged discrimination.

Filice asserts that the information on his Appeal Request form sets forth all four of the elements listed above. The Appeal Request form stated that on two occasions—the one currently under review, and the earlier incident in 1989—Filice's name appeared on the Commission promotion list due to his top performance on the Civil Service exam. On neither occasion did he receive any notice of vacancies or of interviews connected with filling these vacancies, and on both occasions a black person was hired to fill them.

The Commission disagrees, asserting that an employee may base an appeal to the Commission from his non-selection for promotion only on a claim of discrimination. *Taylor v. Commonwealth, State Civil Service Commission,* 67 Pa.Commonwealth Ct. 594, 447 A.2d 1098 (1982). The Commission declares that Filice has failed to state such a claim because a simple assertion that a black male has been promoted to a position being sought by a white male is "wholly inadequate" to support a claim of racial discrimination.

We are unpersuaded by the Commission's statement that "[Filice's] allegation that black males were promoted to positions he desired in 1989 and in 1992 is by itself insufficient to state a claim based on discrimination." (Respondent's Brief at 4.) Filice is not challenging the promotion, *per se,* of any black individual to any specific position; he is alleging that, whether by error or design, he was shut out of the process whereby he himself could have been fairly considered for each of two positions, in 1989 and 1992. It is the procedural impropriety, *coupled* with what the petitioner contends was racial discrimination, that serves as the basis for this appeal.

While it may be true that Filice worded his Appeal Request form inartfully, he did fulfill all four of the requirements set forth in 4 Pa.Code § 105.12(c), at least to the degree that any gaps in his account could have been filled in readily with standard questioning at a hearing. He described (R.R. at 3–6) his having been passed over for promotion without proper notice (the first of the four criteria set forth under 4 Pa.Code § 105.12(c)); he stated that this was "contrary to the rules" (for proper notification and promotion) (Criterion 2); he gave

the date on which he became aware of the alleged discrimination (March 30, 1992, as recorded in space K3 on the form) and attached a copy of the Message Transmittal by which he was informed of Wilder's promotion (Criteria 3 and 4). While there may be incidental gaps in the narrative set forth on the form, it is not proper to hold those who utilize government forms to report actionable misconduct to an impossibly high standard of reportage; and we will not do so in this instance.

■ Further, Filice cites *Pannacci v. Commonwealth, State Civil Service Commission,* 101 Pa.Commonwealth Ct. 602, 516 A.2d 1327 (1986) in support of the idea that administrative errors can form the basis for a allegation of discrimination under § 951(b). The court in *Pannacci* declared: "If in fact the Appointing Authority advertised an intent to use one type of promotion process and then used a different one, or if its posted notice was misleading or upon inquiry an applicant was in fact misled, such actions may well be considered suspect." *Id.* 101 Pa.Commonwealth Ct. at 609, 516 A.2d at 1330. Since it is self-evident that notification is part of any "promotion process"—inasmuch as one can hardly be involved in a "process" of any kind if one does not even know that it is in progress—we concur with the petitioner's view that our holding in *Pannacci* is applicable to the matter under review.

. The Commission seeks to distinguish Filice's situation from that in *Pannacci* by pointing out that in *Pannacci,* the employing state agency committed the error by affirmatively posting misleading information regarding a vacant position. By contrast, the Commission notes that Filice's complaint in the instant case revolves around the failure of the Commission to include his name in the certification list for the Tax Manager 2 position. In short, the Commission attempts to draw a distinction between a clerical error of *omission,* and an error of *commission,* such as an affirmatively misleading statement of the sort made in *Pannacci.*

The Commission's argument in this area is unacceptable for two reasons. First, no case or statutory authority is cited by the Commission for the proposition that errors of omission are

to be legally distinguished from errors of commission when it comes to the impact that either has upon the propriety of a hiring or promotion practice in employment. In addition, even if one accepts the Commission's explanation that the improper "passing over" of Filice for promotion was due to a "technical" administrative or clerical error, this does not automatically mean that a hearing is unwarranted. We have already addressed this situation in *Pronko v. Commonwealth, Department of Revenue,* 114 Pa.Commonwealth Ct. 428, 539 A.2d 456 (1988), where we said:

We begin by recognizing that in cases involving discrimination, the burden rests with the employee to establish a prima facie case of disparate treatment. 4 Pa.Code § 105.-16. In addition, it is important to recognize that there is a distinction between a discriminatory intent and a discriminatory effect. And, in matters such as the instant one, involving an allegation of a procedural irregularity, the cases have appeared to be somewhat contradictory and in confusion on the question of whether discriminatory intent need be shown....

. . . .

We also take this opportunity to clear up the confusion on the question of intent by holding that in cases brought under Section 951(b) where a *technical violation* of the Act (sometimes referred to as a procedural error, procedural impropriety or procedural 'discrimination') constitutes the alleged *discrimination, no showing of intent is required. Accord State Correctional Institution at Graterford v. Goodridge,* 87 Pa.Commonwealth Ct. 527, 487 A.2d 1036 (1985) (holding that in a case where the appointing authority makes a "factual," as opposed to "procedural" mistake, intent need not be shown). The reason for our holding is that often in cases of technical non-compliance what has occurred is administrative error or mistake. Thus, intent to discriminate could not be shown because it is frequently non-existent. *See supra* n. 7, Rand at p. 236. *We believe that the Act's purpose, promoting the making of unbiased personnel decisions based upon job-related criteria, would*

*not be furthered were we to permit a mistake which causes
a deserving employee to be passed over for promotion to go
unrectified.* We wish to emphasize, however, that our
holding does not excuse the complaining individual from
proving intent in the traditional type of discrimination case.
*Id.* 114 Pa.Commonwealth Ct. at 436–440, 539 A.2d at 461–63
(emphasis added).

The *Pronko* reasoning disposes of the Commission's asser-
tion that "Mr. Filice was, therefore, obligated to plead suffi-
cient facts to support a conclusion that the Commission's error
in failing to put his name on the list was as the result of an
intent to discriminate against him based on his race." (Re-
spondent's Brief at 5.) *Pronko,* as set forth above, clearly
does not require a petitioner to show intent on the part of an
employer as a prerequisite for an appeal based on procedural
impropriety; and we will not now inject such an element into
the proceedings.[2] We are also struck by the fact that the very
phrase used by the Commission to minimize the scope of
Filice's injury—"technical violation" (Respondent's Brief at
9)—is cited by the *Pronko* court, as quoted above, as an
illustration of an actionable allegation, for which no showing of
intent is needed.

Filice also believes that his request for appeal sets forth a
*per se* claim for discrimination because the Commission admit-
ted that it "made a mistake" in failing to provide him with
notice of the vacancy. Filice claims that "even if there was no
malicious or otherwise discriminatory intent on the part of the
Commission," (Petitioner's Brief at 18) the Commission's ad-
mission that it made a mistake in not notifying him constitutes
a technical violation which entitled him to a hearing. This, as

2. The Commission also argues (Respondent's Brief at 9–10) that provi-
sions of both the State Civil Service Act (71 P.S. § 741.507) and the
Pa.Code (4 Pa.Code § 95.63(b)) preclude the displacement of any "per-
son who has been appointed as the result of certification for such list
[as the one from which Filice's name was omitted]." This is meant to
indicate that, since Calvin Wilder has already received the appointment
sought by Filice, no purpose would be served in holding a hearing.
This, however, goes to the manner, if any, in which a remedy for
Filice's wrong will have to be structured; it has no bearing on the
degree to which he is entitled to a hearing for a review of his grievance.

discussed above, is the conclusion which both the *Pronko* court and the present tribunal have reached. We must note, however, that the Commission's contention (Respondent's Brief at 6) that "the appellant is asking this Court to order the Commission to reverse itself and accept his Appeal [sic] for hearing based on a claim of technical procedural error, even though the claim was not advanced by the appellant in his original Appeal [sic]" is factually untrue. Under Section I of the Appeal Request form (R.R. at 4–5), Filice wrote "[y]our petitioner was informed by Barbara Tressler, Chief of Examination and Certification Documents Division, that petitioner's "full time employment [status] had inadvertently been missed in entering your application on our files." See the letter of Barbara Tressler dated 4/2/92 and attached hereto as Exhibit "B"."

We are also troubled by the fact that, in the instant case, there is a contention that *two* procedural improprieties, of similar character and effect, came about independently of one another within a single three year period. We must conclude that an alleged *repetition* of what may be an improper practice calls for a greater readiness to grant an appellate hearing than would a single such contention. Second, it must be noted that this court has held that civil servants have a property interest in their positions which cannot be removed without due process. *Cullura v. School Dist. of Bristol Tp.*, 147 Pa.Commonwealth Ct. 636, 608 A.2d 1121 (1992); *Williams v. City of Pittsburgh*, 109 Pa.Commonwealth Ct. 168, 531 A.2d 42, *appeal denied* 518 Pa. 622, 541 A.2d 748 (1988). Moreover, this court has held specifically that this property interest can extend to an enforceable expectation of *continued* employment, where the appropriate contract or statutory guarantees are present, and that no deprivation of this interest may occur without adherence to proper due process. *Pennsylvania Social Services Union, Local 668, SEIU v. Com., Dept. of Labor and Industry, Bureau of Workers' Compensation*, 105 Pa.Commonwealth Ct. 264, 524 A.2d 1005 (1987). Since promotion is clearly part of an expectation of continued employment, the possibility that the instant case involves the disposi-

tion of a vested right makes the need for a rehearing all the more compelling.

However, we decline to provide Filice with the specific relief he requests, namely the revocation of the March 29, 1992 promotion of Calvin Wilder to the position of the Tax Operation Manager 2, and the appointment of a new promotion panel "unconnected with ... any other departments or agencies of the Commonwealth of Pennsylvania." (Petitioner's Brief at 27). To do this would be, in the case of Mr. Wilder's promotion, to prejudge the merits of his promotion before the substance of Mr. Filice's appeal has been properly heard. Further, even if inclined to do so, we are without power to appoint a body that has no connection to any branch of the Commonwealth government or judiciary. Instead, we shall vacate the Commission's order and remand the matter to the Commission, directing that it grant a hearing to Filice, based on his original Appeal Request form, in order to give both parties a full opportunity to present their cases.[3]

## ORDER

AND NOW, this 30th day of April, 1993, it is hereby ordered that the order of the Pennsylvania State Civil Service Commission, dated June 16, 1992, denying the request of the Petitioner, Pasquale Filice, for a hearing shall be vacated and a hearing on the merits of the appeal, set forth in the Appeal Request form of April 9, 1992, shall be scheduled at the earliest available time. This matter is remanded.

Jurisdiction relinquished.

3. Filice also argues that the Commission's failure to advise him, after dismissing his appeal, that an applicant may petition to amend his Appeal Request form constitutes a procedural defect that violates due process. He declares that under Pa.R.C.P. 1028(c), all plaintiffs have 10 days from the service of preliminary objections in which to amend their complaint or otherwise correct formal pleading defects and that that principle should govern in the instant case. Again, the Commission counters Filice's argument, contending that Filice had a full opportunity to state his case when completing the Appeal Request form, and that if he had met the minimum requirements needed to state a claim, the case would have gone forward to a hearing. However, since we have found that, in fact, Filice *did* meet those minimum requirements, this point is moot.