IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeremiah A. Fragale, : 
                Petitioner : 
       : 
      v. : 
       : 
State Civil Service Commission, :   No. 433 C.D. 2023
           Respondent :   Submitted: July 5, 2024

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                 FILED: July 29, 2024

Jeremiah A. Fragale (Fragale), *pro se*, petitions for review from an order of the State Civil Service Commission (Commission) dated February 15, 2023, which denied his request for reconsideration of the Commission's earlier order dated January 18, 2023. The earlier order denied, as untimely, Fragale's hearing request under the statute commonly known as the Civil Service Reform Act (Act)[1] in relation to his non-selection for a promotion. The Commission also determined that Fragale had failed to plead sufficiently his claim of discrimination in the selection process. Before this Court, Fragale seeks review only of the Commission's determination of untimeliness. Upon review, we affirm the Commission's order.

---

[1] 71 Pa.C.S. §§ 2101-3304.

## I. Background

Fragale is employed by the Pennsylvania Department of Conservation and Natural Resources (CNR). Reproduced Record (R.R.) at 7.[2] On November 10, 2022, Fragale received verbal notification that he had not been selected for a promotion to the position of Maintenance Supervisor for which he had applied. *Id.* Fragale alleges that he contacted CNR's Human Resources that same day and asked to appeal his non-selection. *Id.* at 9. He asserts that on November 14, 2022, Human Resources referred him to someone by the name of Jordan Frey[3] (Frey) to review the matter. *Id.* Fragale avers that he spoke with Frey on November 16 or 17, 2022, and sent Frey information about the case. *Id.* According to Fragale, he spoke to Frey again on December 14 or 15, 2022, at which point Frey stated that "he could not do this case" and gave Fragale the Commission's telephone number, suggesting that Fragale call the Commission. *Id.* The Commission subsequently informed Fragale that it had received his appeal request on December 15, 2022. *Id.* at 1.

By order dated January 18, 2023, the Commission denied Fragale's appeal request as having been untimely filed, in that it was received more than 20 days after Fragale received notice of his non-selection. R.R. at 7. The Commission also determined that Fragale had failed to aver specific facts to support his claim that his non-selection was discriminatory in violation of the Act. *Id.* at 7-8.

Fragale submitted a written request for reconsideration, which the Commission denied by order dated February 15, 2023. R.R. at 12. Fragale then petitioned for review in this Court.

---

[2] Fragale has not numbered the pages of the reproduced record as required by Rule 2173 of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 2173. The citations to the reproduced record here are based on counting the pages beginning with the page after the table of contents.

[3] Fragale does not explain who Jordan Frey is or why he was reviewing the case.

## II. Discussion[4]

Under Section 3003(7)(i) and (ii) of the Act, an appeal to the Commission must be filed within 20 days of the challenged personnel action. 71 Pa.C.S. § 3003(7)(i) & (ii); *see also* 4 Pa. Code § 105.12(a)(3). Notably, a public employer is not required to provide an employee with information or instructions concerning how to appeal a personnel decision. *Marks v. State Civ. Serv. Comm'n*, 299 A.2d 691, 693 (Pa. Cmwlth. 1973) (finding no authority in the Act to require appeal information as part of a personnel action notice). Moreover, an employer is not required to provide written notice of a personnel action in order to start the running of the appeal period. *Shepta v. Pa. Bd. of Prob. & Parole*, 555 A.2d 297, 298 (Pa. Cmwlth. 1989) (concluding that written notice of non-selection is not necessary to start the 20-day appeal period, which commences upon receipt of actual notice) (citing *Taylor v. State Civ. Serv. Comm'n*, 447 A.2d 1098 (Pa. Cmwlth. 1982)).

Fragale received verbal notification on November 10, 2022, that he had not been selected for promotion to Maintenance Supervisor. Br. for Pet'r at 2 & Ex. A; R.R. at 9. He did not file an appeal until December 15, 2022, well beyond the 20-day time period. *Id.* at 2, 8 & Ex. A; R.R. at 1. Accordingly, his appeal was untimely, and he could pursue it only if he could obtain relief *nunc pro tunc*.

An appeal *nunc pro tunc* may be permitted where the delay in filing the appeal is caused by extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances related to the petitioner, his

---

[4] "Whether to grant or deny a request for reconsideration is a matter of administrative discretion, [and] this [C]ourt's scope of review of that decision is limited to determining whether the agency abused its discretion." *W. Penn Power Co. v. Pa. Pub. Util. Comm'n*, 659 A.2d 1055, 1065 (Pa. Cmwlth. 1995). "An abuse of discretion has occurred only where the agency's decision demonstrates evidence of bad faith, fraud, capricious action or abuse of power." *Id.*

counsel, or a third party. *Sofronski v. Civ. Serv. Comm'n, City of Phila.*, 695 A.2d 921, 924 (Pa. Cmwlth. 1997). A petitioner seeking an appeal *nunc pro tunc* because of non-negligent circumstances related to the petitioner or his counsel must establish that he filed the appeal within a short time after learning of and having the opportunity to address the untimeliness, that only a short time elapsed between the appeal deadline and the filing of the appeal, and that the delay did not prejudice the respondent. *Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130, 1131 (Pa. 1996) (citing *Bass v. Commonwealth*, 401 A.2d 1133 (Pa. 1979)).

The Commission posits that, reviewing the facts in the light most favorable to Fragale, he did not establish the first prong of *nunc pro tunc* analysis, as he did not establish any extraordinary circumstances involving fraud or breakdown in the administrative process that caused the delay in filing his appeal. Fragale received verbal notice of his non-selection on November 10, 2022. Br. for Pet'r at 2 & Ex. A. Fragale alleged he spoke with Human Resources personnel, who referred him to Frey. R.R. at 9. On December 14, 2022, Fragale was advised by Frey to call the Commission. *Id.* The Commission replied promptly and informed Fragale his appeal was received December 15, 2022. *See id.* at 1.

In his Brief, Fragale alleges he received appeal information from the Commission "well beyond 20 days after" learning of his non-selection. Br. for Pet'r at 10; *see also id.* at 8 & 12. However, he did not contact the Commission for appeal information until at least December 14, 2022, which was already well past the 20-day deadline to file a timely appeal. *See* R.R. at 9. The Commission timely responded to Fragale's communication and informed him that his appeal request was received on December 15, 2022. *Id.* at 1. The Commission's conduct did not constitute extraordinary circumstances involving fraud or a breakdown of the

4

administrative process, and therefore, Fragale did not satisfy the first requirement for a *nunc pro tunc* appeal.

With respect to the second prong of the *nunc pro tunc* standard, Fragale failed to establish any non-negligent circumstances that led to his untimely appeal request. Fragale asserts he "acted promptly on this matter but apparently started with the wrong agency," and therefore, his appeal should be considered timely. Br. for Pet'r at 10. Fragale also suggests that the witness statement he filed with CNR's Human Relations personnel during his initial discussion should constitute the initiation of his appeal. *Id.* at 9. However, Fragale was responsible to determine where and when to appeal; he may not rely upon his ignorance of the applicable law to excuse his late appeal. *See Finney v. Unemployment Comp. Bd. of Rev.*, 472 A.2d 752, 753-54 (Pa. Cmwlth. 1984) (stating that ignorance of the law does not excuse a party to an action from his statutory obligation to file an appeal within the prescribed appeal period). Thus, he did not allege any acts that constitute grounds for a *nunc pro tunc* appeal.

Fragale has failed to establish any extraordinary circumstances involving fraud or a breakdown in the administrative process or any non-negligent circumstances related to the untimeliness of his appeal. The Commission did not err in determining that Fragale's appeal was untimely filed or in not granting a *nunc pro tunc* appeal; nor did the Commission abuse its discretion in denying Fragale's request for reconsideration. Fragale's request for reconsideration merely reiterated the allegations in his initial appeal request, stating: "I would of [sic] called the [Commission] first if I would have known" that the appeal needed to go to the Commission. R.R. at 10. As stated above, Fragale's ignorance did not excuse his failure to pursue a timely appeal. Therefore, the Commission did not err in denying

Fragale's request for reconsideration and affirming the order denying his appeal request as untimely.

### III. Conclusion

Based on the foregoing discussion, we affirm the Commission's order.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeremiah A. Fragale,          :
          Petitioner    :
                        :
       v.               :
                        :
State Civil Service Commission,   :   No.  433 C.D. 2023
          Respondent  :

# **O R D E R**

AND NOW, this 29th day of July, 2024, the order of the State Civil Service Commission dated February 15, 2023 is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge